Gregory A. SCHER, Appellant,

v.

Sgt. GILPIN, Property Sgt., Missouri
State Penitentiary, et al.,
Respondent.

No. WD 39307.

Missouri Court of Appeals,
Western District.

Oct. 20, 1987.

Gregory Scher, pro se.

William L. Webster, Atty. Gen., Duane
E. Butler, Asst. Atty. Gen., Jefferson City,
for respondent.

Before MANFORD, P.J., and
NUGENT and GAITAN, JJ.

NUGENT, Judge.

Gregory A. Scher appeals from summary
judgment rendered against him and in fa-
vor of defendant Gilpin.[1]  Although plain-
tiff raises three points on appeal, the cen-
tral issue is whether the trial court proper-
ly granted defendant's motion for summa-
ry judgment.  We reverse and remand with
instructions.

The petition and the legal file disclose
the following facts and allegations:  On
April 25, 1986, plaintiff Scher was transfer-
red from the Missouri Eastern Correctional
Center at Pacific to the Missouri State Pen-
itentiary in Jefferson City.  A correctional
center employee inventoried plaintiff's per-
sonal possessions, placed them in sealed
cartons with a property list in each carton,
and put them in a secured area of a state
vehicle to be transported to the state peni-
tentiary.

On April 29, plaintiff was taken to the
property room at the Missouri State Peni-
tentiary where the property sergeant, de-

---

1.  The style of this case indicates by "et al." that
other defendants were named, but none was;

"Sgt. Gilpin" is the only defendant named in
plaintiff's pro se petition.

fendant Gilpin, instructed him to open the cartons and re-inventory his property. Except for one, the boxes appeared to have been previously opened, and plaintiff Scher discovered that his watch, a Seiko Quartz Chronograph that he values at $575.00, was missing. He informed Sgt. Gilpin of this, and the missing watch was noted on the only copy of the property list still available. Sgt. Gilpin signed this notation.

Plaintiff filed an institutional grievance, which was denied. He then filed an action that he called a "Petition in Replevin" against Sgt. Gilpin in the circuit court. On August 27, the defendant filed a motion to dismiss pursuant to Rule 55.27(a)(6), but when he failed to appear at the hearing on the motion, the court overruled it and ordered the defendant Gilpin to answer within twenty days. On January 13, 1987, defendant filed an answer to plaintiff's petition in replevin and denied that he ever came into actual or constructive possession of the watch.

About one month later, defendant filed a motion for summary judgment. Plaintiff filed no responsive pleading, and on April 7, the trial court granted summary judgment. This appeal followed.

### I.

■ Summary judgment is appropriate only when a court determines that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. The evidence must be reviewed in the light most favorable to the party against whom summary judgment is sought, and the proof necessary for summary judgment must be established by "unassailable proof." If the slightest doubt exists, summary judgment is not proper. *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829 (Mo. App.1984); *Parmer v. Bean*, 636 S.W.2d 691, 694 (Mo.App.1982).

■ The defendant based his motion for summary judgment on plaintiff's self-styled "Petition in Replevin." Replevin is primarily a possessory action. *Strothkamp v. St. John's Community Bank, Inc.*, 329 S.W.2d 718, 719 (Mo.1959). An action in replevin can be maintained only against one who, at the time the suit was begun, was in actual or constructive possession of the property. *Exman v. Wommack*, 240 S.W.2d 718, 720 (Mo.App.1951). A cause of action in replevin is designed to get the property of one person from another. *See* § 533.010, R.S.Mo., 1986.

In the present case, however, plaintiff alleged that defendant "is now and has been legally responsible for the care and custody of property belonging to the Plaintiff through a bailment." *See Toston v. McCracken*, 555 S.W.2d 48, 51–52 (Mo.App. 1977). Plaintiff alleges that, after re-inventorying his property at the Missouri State Penitentiary, he and the defendant agreed that the watch listed on his property list was missing. Plaintiff never alleged that defendant had actual or constructive possession of the watch and never asked for the return of the Seiko. Instead, plaintiff asked for damages—that defendant replace the watch or reimburse him for the cost of the watch, plus other expenses incurred.

■ Although plaintiff has misnamed his petition, he is not bound by the name that he has given the pleading; his cause of action is whatever the pleadings make it. *W.A. Ross Construction Co. v. Chiles*, 344 Mo. 1084, 130 S.W.2d 524, 528 (1939); *State ex rel. Maddox v. Garner*, 459 S.W.2d 40, 44 (Mo.App.1970); *Carter v. Guffey*, 548 S.W.2d 233, 235 (Mo.App.1977). Plaintiff's petition states a cause of action for damages in bailment and not a cause of action in replevin. Since no action in replevin is stated, summary judgment may not issue based on replevin.

■ A petition must be read from its four corners and a court must give to the language its plain and ordinary meaning and such interpretation as fairly appears to have been intended by the pleader. *Gover v. Cleveland*, 299 S.W.2d 239, 242 (Mo.App. 1957). Plaintiff obviously intended to set forth a claim for damages and not replevin. Defendant appears to have been misled by the caption of the petition "Petition in Replevin."

We, therefore, reverse the judgment and remand the case to the trial court with instructions that, consistent with Rule 55.-33(a), plaintiff, if he so desires, be freely granted leave to amend his petition against the defendant or defendants.

All concur.