Ruth MANOR, Petitioner/Appellant,

v.

David MANOR, Respondent/Respondent.

No. 59123.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1991.

Popkin & Stern, Thomas M. Pavelko, St. Louis, for appellant.

Gartenberg & Kline, P.C., William R. Gartenberg, St. Louis, for respondent.

KAROHL, Judge.

Mother appeals from summary judgment granted father on her attempt to (1) enforce an Israeli child support decree and (2) increase child support. The trial court held the parties' Israeli divorce decree could not be enforced or modified by Missouri courts because it found the children live in California and concluded California had jurisdiction under the Uniform Child Custody Jurisdiction Act. Sections 452.440–452.550 RSMo 1986. We reverse and remand.

Father and mother were married in New York, New York on August 12, 1968. Two

children were born of the marriage: Mor, born April 4, 1970, and Guy, born July 11, 1972. Father and mother, both Israeli citizens in the U.S. on visas, were divorced by decree of the Tel–Aviv–Yafo Rabbinical District Court on June 21, 1977.

Mother, a resident of California, filed suit in Missouri, father's residence, seeking enforcement and modification of the Israeli decree in the form of increased child support. Father opposed the suit arguing Missouri Courts lacked jurisdiction to modify a judgment from a foreign country and that the Israeli judgment had not been registered.

■ The court erred in upholding father's argument that the Israeli decree cannot be registered and modified under § 452.505 RSMo 1986. Father incorrectly bases his argument on this section of the statute, which establishes the procedure for modification of a *custody* judgment. By the parties' own admissions, this is not a suit for custody. Mother's suit seeks only enforcement and modification of child support. The Uniform Child Custody Jurisdiction Act expressly excluded child *support* from its provisions. Section 452.-445(1) RSMo 1986.

■ The parties briefed but the court did not decide two additional points: recognition and modification of the Israeli decree. Father argues the Israeli judgment could not be recognized in Missouri courts. As a matter of law, we find no support for father's argument. Based on the doctrine of comity, state and federal courts may give recognition and force and effect to judgments obtained in foreign countries to the same extent as in the case of judgments of sister states. *DeLeon v. DeLeon,* 804 S.W.2d 801 (Mo.App.1991). "A divorce decree obtained in a foreign country or a sister state carries a rebuttable presumption of validity." *Id.* The presumption is that the court had the authority to render the judgment in question and that the necessary jurisdiction was properly acquired. *Id.* The presumption must be rebutted by clear and convincing evidence. *Id.*

In the present case, neither party argued the Israeli decree was invalid. The only complaints allege problems regarding Missouri jurisdiction and registration. In ef-fect, father admits the validity of the decree and questions the court of enforcement. Missouri has jurisdiction to enforce valid foreign decrees. *DeLeon, id.*

Father then argues the foreign judgment cannot be recognized if the foreign country does not reciprocate. Reciprocity is the process of recognizing another country's judgment as your own. In *DeLeon,* however, reciprocity was not required as a criteria for enforcing foreign judgments. The trial court did not reach or decide this issue.

■ Under the doctrine of comity Missouri courts may recognize the Israeli decree. The remaining question is whether it can register and modify the decree. If the decree can be modified in the foreign jurisdiction, it can be modified in Missouri. *Thompson v. Thompson,* 645 S.W.2d 79, 81 (Mo.App.1982). This case comes to us after summary judgment on a decision of lack of jurisdiction. The court did not consider whether mother could request an Israeli court to modify this support decree under Israeli law. We decline to rule the issue before remand.

We reverse and remand.

PUDLOWSKI, P.J., and GRIMM, J., concur.