**BROWNING–FERRIS INDUSTRIES OF ST. LOUIS, INC., Plaintiff/Respondent,**

v.

**LANDMARK SYSTEMS, INC., Defendant/Appellant.**

No. 60351.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 21, 1992.

Francis G. Slay, Robert Leo Devereux, Private Attys., St. Louis, for defendant/appellant.

Eileen J. Markey, Susman, Schermer, Rimmel & Shifrin, Clayton, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant appeals from the court's entry of summary judgment in favor of plaintiff in a contract action. We reverse and remand with instructions.

Plaintiff's petition averred in relevant part the following:

3. On or about December 21, 1989, BFI and Landmark entered into a Disposal Service Agreement (*the "Contract"*) in St. Louis County, Missouri under which BFI was to remove petroleum contaminated soil at a cost of $15.00 per cubic yard of soil for Landmark. A true and accurate copy of *the Contract* is attached hereto, incorporated herein by reference and marked as Exhibit A.

4. BFI performed *under the Contract* and invoiced Landmark for the sum of $44,325.00. A true and accurate copy of the invoice is attached hereto, incorporated herein by reference and marked as Exhibit B.

5. Landmark has paid BFI $16,059.78 *pursuant to the Contract*, but to date, has not paid the remaining $28,265.22 due and owing *under the Contract*.

6. BFI has made demand for payment of the balance due and owing *under the Contract*, but Landmark has failed and refused and continues to fail and refuse to pay the amount due.

WHEREFORE, Plaintiff prays for the Court to enter judgment against Landmark in the amount of $28,265.22 plus its costs, attorney's fees and interest from the date of demand at the rate of 9% per annum and for such other and further relief as the Court deems just and proper. [Emphasis ours.]

The attached contract contained the following clause:

ENTIRE AGREEMENT: This agreement constitutes the entire understanding between BFI and customer hereto, and cancels and supersedes all prior negotiations, representations, understandings and agreements, either written or oral, with respect to the subject matter hereof. No changes, alterations or modification to this agreement will be effective unless in writing and signed by BFI and customer hereto.

The contract also recited that plaintiff agreed to receive and dispose of 1,150 cubic yards of petroleum contaminated soil at $15.00 per cubic yard.

Defendant's answer admitted only that defendant is a corporation authorized under the laws of the State with a business office in St. Louis County. It denied each and every other material allegation of the petition.

Plaintiff moved for summary judgment. Its motion described the case as a "simple contractual collection action."

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party

the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by the pleadings, depositions, affidavits, answers to interrogatories and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.04(c); *Edwards v. Heidelbaugh,* 574 S.W.2d 25 (Mo.App.1978).

The court had before it the pleadings, affidavits and admissions. It awarded plaintiff summary judgment for $28,265.22 plus interest. This appeal followed.

Defendant's sole point on appeal contends:

The trial court erred in granting summary judgment to plaintiff in the amount of $28,265.22 plus interest in the amount of $3,138.86 due to the fact that plaintiff's sole claim for relief was based upon an alleged breach of contract and, therefore, plaintiff's recovery should have been limited to damages as measured by the contract[.]

It is agreed that plaintiff is entitled to a maximum of $17,250 under the contract itself. The parties agree that defendant paid plaintiff $16,059.78 pursuant to the contract. Plaintiff argues on appeal, however, that in addition to the contract claim, its pleadings sounded a cause of action either in quantum meruit or a suit on account and thus summary judgment was proper.

 It is hornbook law that a party cannot recover for a cause of action not pleaded. *See Scher v. Gilpin,* 738 S.W.2d 900 (Mo.App.1987); *Berra v. Papin Builders, Inc.,* 706 S.W.2d 70 (Mo.App.1986). Parties may, however, plead alternative causes of action in a petition and may do so in one count. Rule 55.10; *Edmonds v. Stratton,* 457 S.W.2d 228 (Mo.App.1970).

 It is clear to us that plaintiff's petition sounded only in contract. *See Berra v. Papin Builders, Inc.,* 706 S.W.2d 70. Plaintiff argues that the attachment of the invoice to the petition incorporates the in-voice by reference and thus states a cause of action for a suit on account. We believe that such a construction strains the concept of "liberal pleadings" to the breaking point. The paragraph in which the invoice is "incorporated" specifically refers to a claim "under the Contract." A cause of action in a suit on an open account must be pleaded as such. *Missouri Farmers Assoc., Inc., v. Barry,* 710 S.W.2d 923 (Mo.App.1986).

Alternatively, plaintiff contends that the petition sounds a claim in quantum meruit or it is sufficiently uncertain as to whether the claim is in contract or quantum meruit so as to support a judgment on either ground. *See Edmonds v. Stratton,* 457 S.W.2d 228. We disagree.

In *Berra v. Papin Builders,* 706 S.W.2d 70, we found that a crossclaim petition which alleged the following was founded only in contract and did not entitle the crossclaim plaintiff[1] to a recovery in quantum meruit: that materials and labor were furnished at the request of and under a contract with the defendants; that the crossclaim plaintiff invoiced its request for payment pursuant to the provisions of the contract; and that the account constituted a continuous running account for labor and materials furnished in compliance with the instructions and directions of the defendants pursuant to the provisions of the contract. *Id.* at 73. We expressly found that the claim was not unclear so as to entitle the plaintiff to recover under either theory. *Id.*

Similarly, in the instant case the invoice is presented solely in the context of the contractual claim. *Berra* holds that in such a context a plaintiff is not permitted to recover "on the not pleaded theory of quantum meruit." *Id.*

 Finally, plaintiff contends that the pleadings should be deemed amended to conform to the "evidence" contained in the admissions of defendant, which could support the elements of claims for both quan-

---

1. In *Berra,* this issue was addressed in the context of a crossclaim involving two of the defendants in the original action.

tum meruit and a suit on account.[2] Plaintiff cites no law to support the claim that Rule 55.33(b), which refers to evidence at trials, can be applied to a summary judgment proceeding and logic would indicate otherwise.

Thus, plaintiff was confined at the time of the award to the original contractual claim. Under that claim, plaintiff was entitled to a maximum of $1,191.22 plus costs, attorney's fees and interest on the contract. The court's award of $28,265.22 plus interest and costs exceeded the amount which plaintiff could recover under the petition as presently phrased. It is thus far from "manifest" that plaintiff was entitled to the larger recovery as a matter of law in the posture of the case at the time of the summary judgment award. Rule 74.04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25.

We therefore vacate the order of summary judgment and remand the case for further proceedings not inconsistent with this opinion. We note that upon remand plaintiff should be permitted to amend its pleadings pursuant to Rule 55.33(a). *Scher v. Gilpin*, 738 S.W.2d at 902.

Reversed and remanded.

GARY M. GAERTNER, and CRANE, JJ., concur.

---

**2.** An action in quantum meruit requires plaintiff to prove that it provided services to defendant, the reasonable value of the services, and the defendant's refusal to pay. *Berra v. Papin Builders*, 706 S.W.2d 70. Quantum meruit is a remedy for the enforcement of a quasi-contractual obligation and is based primarily upon the principle of unjust enrichment. *International Paper v. Futhey*, 788 S.W.2d 303, 306 (Mo.App. 1990). A suit on account is an action at law for services rendered on properties sold and delivered, requiring proof of the items sold or services rendered, the reasonableness of the charges and the non-payment of the account. *Missouri Farmers Association, Inc. v. Barry*, 710 S.W.2d 923.