**Sharon McKINNON, Petitioner/Respondent,**

v.

**Joseph McKINNON, Respondent/Appellant.**

No. 66357.

Missouri Court of Appeals, Eastern District Division One.

April 4, 1995.

Gerald Warren, Anderson & Preuss, Clayton, for appellant.

Dennis L. Beckley, Hazelwood, for respondent.

REINHARD, Presiding Judge.

■ Father appeals from the St. Louis County Circuit Court's modification of the child support provisions of a March 16, 1981, Illinois dissolution decree. We reverse and remand with directions to dismiss.

There was one child (M.A.M.) born of the marriage. At the time of the dissolution decree, entered in Ogle County, Illinois, on March 16, 1981, the child was four years old. Mother was awarded legal and physical custody of M.A.M. subject to reasonable visitation rights of father. Father was ordered to pay $40.00 per week in child support. On September 20, 1990, wife filed a motion to modify the dissolution decree in St. Louis County Circuit Court. Therein she alleged, *inter alia*, that she was now a resident of St. Louis County, Missouri, that father was now a resident of Androscoggin County, Maine, and that the circuit court's jurisdiction was "proper pursuant to [the] Uniform Child

Custody Jurisdiction Act [§§ 452.440–452.550, RSMo 1994]" (hereinafter UCCJA). Mother made no allegations concerning the child custody terms of the dissolution decree. She alleged only that since the dissolution decree "there have been changed circumstances so substantial and continuing as to make the terms of the Decree of Dissolution unreasonable *with respect to child support.*"[1] (Emphasis added). She further did not allege any connection father may have had with Missouri.

Father was served by the Androscoggin Sheriff's Department on October 9, 1990; he did not file an answer. On January 8, 1992, the cause was placed on the circuit court's dismissal docket of March 19, 1992. On March 9, 1992, the cause was removed from the dismissal docket and set for an April 3, 1992 hearing. On May 13, 1992, the docket entry shows that father failed to appear and that the court sustained mother's motion to modify. The dissolution decree's child support provisions were modified by ordering father to pay $70.00 per week in child support. He was also ordered to pay $840.00 for mother's attorney fees.

On May 12, 1993, father filed a motion to quash service and to vacate and set aside the May 13, 1992 judgment. A hearing on the motion was set for March 3, 1994. The motion was heard and denied. Father filed a motion for a re-hearing which was also denied.

On appeal, father challenges the trial court's *in personam* and subject matter jurisdiction. Mother concedes the sole basis for jurisdiction here was the UCCJA. However, as noted, she *made no allegations concerning the decree's child custody provisions nor did she really seek any change of those provisions;* she sought only a modification of father's child support obligation. Indeed, the only *mention* of custody whatsoever comes in mother's prayer for relief, which states, in

1. Mother listed three changed circumstances supporting modification of the child support terms.

2. Section 452.445(1) states that "... the court shall have the right in any *custody determination* where jurisdiction is had pursuant to section 452.460 and where it is in the best interest of the child to adjudicate the issue of child support."

part, "that the court enter its order touching upon temporary custody and visitation rights in favor of petitioner." Even assuming this prayer sought some form of custody change, "[t]he character of a cause of action must ... be determined from the facts stated in the petition and not by the prayer or the name given the action by the pleader." *McMenamy v. Main,* 686 S.W.2d 874, 876 (Mo.App. 1985) (quoting *Household Finance Corporation v. Avery,* 476 S.W.2d 165, 167 (Mo.App. 1972)). The prayer for relief is not part of the petition. *Rouse Co. of Mo. v. Justin's, Inc.,* 883 S.W.2d 525, 529 (Mo.App.E.D.1994).

The UCCJA expressly excludes child support from its provisions. *Manor v. Manor,* 811 S.W.2d 497, 498 (Mo.App.1991); § 452.445(1).[2] Thus, subject matter jurisdiction was clearly lacking. We reverse and remand with directions that the petition be dismissed.

GARY M. GAERTNER and CRAHAN, JJ., concur.

(Emphasis added). That is obviously not the case here. Thus, there is no need to address father's contentions regarding personal jurisdiction. We do note, however, that the court must still have personal jurisdiction over the non-resident party to render a money judgment for child support pursuant to § 452.445(1). *Elbert v. Elbert,* 833 S.W.2d 884, 887 (Mo.App. E.D.1992).