**Elane JOHNSON, Respondent,**

**v.**

**Rosalyn SADDLER, Defendant,**

**and**

**Brian K. Saddler, Appellant.**

**No. SD 29815.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 7, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 29, 2010.

Richard L. Schnake, Neale & Newman, LLP, Springfield, for Appellant.

Brian E. Hamburg, Martin Chmielik, Hamburg & Lyons, LLC, Springfield, for Respondent.

DANIEL E. SCOTT, Chief Judge.

Brian Saddler challenges an adverse money judgment relating to forged deeds of trust. We must affirm unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. Our primary concern is the correctness of the result. Thus, we will affirm if we can do so on any reasonable theory, even if different from that expressed by the trial court. *See Kiesling v. Andrews,* 273 S.W.3d 67, 69–70 (Mo.App. 2008).

The trial court proceedings involved many parties, facts, claims, and issues im-

material to this appeal. We limit our opinion accordingly.

**Background**

Brian's mother, Rosalyn Saddler, and her sister, Elane Johnson, jointly inherited real estate in Springfield, Missouri in early 2001. Rosalyn and Brian wanted to mortgage the property to help them get a business loan. Elane, who lived in Colorado, refused to sign a deed of trust.

Brian was irate. He caused Elane's signature to be forged to the necessary instruments and got an acquaintance to notarize them. Brian and Rosalyn used these forgeries to borrow $239,000 from a Springfield bank, which recorded the forged deeds of trust in October 2001, all without Elane's knowledge or consent.

Months later, Elane found out and filed an eight-count petition against Brian and others. Brian did not appear, in person or by counsel, at the bench trial of the fraud count now challenged. A $155,629 judgment was entered against him.

**Issues and Analysis**

Brian's appeal hinges on his claims that Elane did not prove the elements of fraudulent misrepresentation (Point I) or fraudulent concealment (Point II) against him, and thus "has not proven all of the elements of fraud required to sustain her claim." He essentially argues that unless the judgment can be affirmed on a fraudulent misrepresentation or fraudulent concealment theory, it cannot stand.

In contrast, Elane maintained at trial that "there's more kinds of fraud than just fraudulent representations," and that "we're not really necessarily saying that Brian ... is fraudulently representing anything by forging a document. That's not what we have to do." Indeed, she did not plead "fraudulent misrepresentation" or "fraudulent concealment" as such, or the elements of either theory. Her "Fraud" count incorporated the petition's other allegations, then asserted that Brian presented forged deeds of trust to the bank, resulting in damage to Elane equal to half the property's fair market value, which the trial court ultimately found.

Neither party cites our opinion in *Memco, Inc. v. Chronister,* 27 S.W.3d 871 (Mo. App.2000), yet we find it instructive. While employed as Plaintiff's office manager, Defendant surreptitiously embezzled large sums by, *inter alia,* writing false checks and filing false IRS reports. *Id.* at 873–74. After learning of Defendant's schemes, Plaintiff sued in two counts:

> Paragraphs one through eight of Plaintiff's petition contained general allegations claiming, among other things, Defendant acquired money from Plaintiff by "false pretenses" and "actual fraud." Count I of the petition, entitled "Conversion," incorporated all general allegations, then alleged (a) Plaintiff owned the missing funds, (b) Plaintiff was entitled to possession thereof, and (c) Plaintiff demanded Defendant return the money, but she refused to do so. Also within this count, Plaintiff specifically realleged the funds were obtained by "false pretenses ... and ... actual fraud" which commenced "as early as January of 1992," and Plaintiff incurred various expenses in uncovering the "wrongfully appropriated" money.

*Id.* at 874. Plaintiff dismissed its Count II for punitive damages prior to a non-jury trial at which Plaintiff was granted a $167,574 judgment. *Id.*

Defendant sought reversal on appeal, arguing that since conversion lies only for specific chattels, Plaintiff had pleaded and obtained judgment on an unavailable remedy. *Id.* at 875. We affirmed the judgment despite our agreement that "an action for conversion does not lie upon these facts." *Id.* at 875 n. 2.

In arguing this point, Defendant assumes the trial court entered judgment based on "conversion" principles. Such assumption ignores other relevant parts of the record, including allegations in Plaintiff's petition which are broad enough to state an action for either money had and received or an action for fraud. Also, Defendant's argument disregards evidence in the record which supports recovery on theories other than conversion.

While it is axiomatic one cannot recover for a cause of action not pleaded, *Browning–Ferris v. Landmark Systems,* 822 S.W.2d 569, 571[1] (Mo.App.1992), it is also true a party can plead alternative causes of action in a petition and may do so in one count. Rule 55.10; *Browning–Ferris* at 571[2]. " 'The character of a cause of action must ... be determined from the facts stated in the petition and not by the prayer or the name given the action.' " *McKinnon v. McKinnon,* 896 S.W.2d 90, 91 (Mo.App.1995) (quoting *McMenamy v. Main,* 686 S.W.2d 874, 876 (Mo.App.1985)). It is the facts stated in the petition, along with the relief sought, which under our system of code pleading are to be looked at to determine the cause of action, rather than the form of the petition. *Alarcon v. Dickerson,* 719 S.W.2d 458, 461[2] (Mo.App. 1986).

Although Plaintiff's Count I was entitled "Conversion," the facts stated therein referred to and supported multiple causes of action. Plaintiff realleged its general allegations within this count. Among these were claims Defendant obtained money owned by Plaintiff by means of "false pretenses" and "actual fraud." Plaintiff specifically stated the manner Defendant used to accomplish her subterfuge, which supported claims for money had and received and fraud. Also within Count I, Plaintiff claimed Defendant "intentionally ... appropriated and converted" funds, obtained the funds "by false pretenses ... and engaged in actual fraud," and Plaintiff "demanded a return of the funds wrongfully taken."

"Fraud is defined as an instance or act of trickery or deceit especially when involving misrepresentation; an act of deluding." *Smile v. Lawson,* 435 S.W.2d 325, 328 (Mo.banc 1968). " 'Fraud' is a malfeasance. That is, 'fraud' is a positive act resulting from a willful intent to deceive." *Harris v. Penninger,* 613 S.W.2d 211, 214[2] (Mo. App.1981).

The claims asserted in the petition are broad enough to state a cause of action for fraud. The purpose of a pleading is to limit and define the issues to be tried in a case and put the adversary on notice thereof. *See Luethans v. Washington University,* 894 S.W.2d 169 (Mo. banc 1995).[1] "A petition is sufficient if it invokes principles of substantive law which entitle the plaintiff to relief and informs the defendant of what the plaintiff will attempt to establish at trial." *Empiregas, Inc. of Rolla v. Whitson,* 902 S.W.2d 347, 348[4] (Mo.App.1995). Plaintiff repeatedly used the term "fraud" throughout the petition. Furthermore, Plaintiff described the acts which constituted the fraud.

*Id.* at 875 (footnotes omitted). Defendant could not complain that she was unaware of what Plaintiff intended to prove at trial. The petition was broad enough to state an action for fraud, and Defendant had notice of this claim. *Id.* at 875–76. The evidence also supported a fraud case since "Defendant's misconduct was uncontradicted."

1. Our supreme court recently abrogated *Luethans* on other grounds. *See Keveney v. Missouri Military Academy,* 304 S.W.3d 98 (Mo. banc 2010).

*Id.* at 876. The judgment "referred to Plaintiff as 'the defrauded party' and found '[t]he Defendant hid the results of her fraud and covered it up by her actions.' In that same writing, the trial judge cited cases grounded in fraud. The necessary conclusion is the judgment was based on fraud." *Id.*

We are guided also by *Tongay v. Franklin County Mercantile Bank,* 735 S.W.2d 766 (Mo.App.1987). The Tongays sought damages from the bank for slandering title to their property by recording a deed of trust that the bank knew was forged. *Id.* at 767–69. The opinion discusses slander of title's three elements: (1) false words; (2) maliciously published; (3) causing pecuniary loss or injury to the plaintiff. *Id.* at 770.

As to the first element, the Tongays "clearly averred that the deed of trust recorded was forged, i.e., the words were false." *Id.* Recordation of a false instrument states a claim under slander of title. *Id.* The second element, malicious publication, means the representation not only was without legal justification or excuse, but was known to be false (*i.e.,* not innocently or ignorantly made). *Id.* The third element was not at issue, since "Missouri does not require proof of special damages." *Id.* Even if the Tongays suffered no substantial actual damages, they "would be entitled on proof of such charges to recover an award of nominal actual damages." *Id.*

Such reasoning supports the judgment here. The forged deeds of trust were *false words.* Brian *maliciously published* them by presenting them to the bank, knowing they were forged, without legal justification or excuse. He has not challenged Elane's *damages* or *causation* on appeal.

**Conclusion**

*Memco* and *Tongay* convince us that Brian's appeal lacks merit. *Memco* proves that actionable fraud is not confined to the misrepresentation/concealment theories and scenarios urged by Brian. In conjunction with *Tongay* and the trial court's findings, *Memco* also supports affirmance here on slander of title grounds. Elane pleaded and proved facts supporting an action in damages; we are not bound by the label or name she ascribed to the action. *Goe v. City of Mexico,* 64 S.W.3d 836, 840 (Mo.App.2001); *Memco,* 27 S.W.3d at 875. *See also Euge v. Golden,* 551 S.W.2d 928, 932 (Mo.App.1977)(fraud allegation, although unclear, stated such a cause of action and also stated a claim for damages for slander of title).

Brian's arguments for reversal fail.[2] The judgment is supportable on multiple grounds. We affirm.

LYNCH, P.J., and RAHMEYER, J., concur.

2. Brian's "ancillary" point cites a judgment typo which, given our foregoing analysis, is not prejudicial. *See Heritage Warranty Ins., RRG, Inc. v. Swiney,* 244 S.W.3d 290, 294 (Mo.App.2008)(appellate review is for prejudice, not mere error).