**CITIBANK (SOUTH DAKOTA) N.A., A Bank Corporation, Plaintiff–Respondent,**

v.

**Danny H. WHITELEY, Defendant–Appellant.**

No. 25925.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 23, 2004.

Daniel T. Moore, Moore & Walsh, L.L.P., Poplar Bluff, for appellant.

Mayer S. Klein, Michael J. Payne, Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., St. Louis, for respondent.

JOHN E. PARRISH, Presiding Judge.

Citibank (South Dakota) N.A., (plaintiff) brought a suit on account against Danny H. Whiteley (defendant). The case was heard by the trial court without a jury. Judgment was entered for plaintiff in the amount of $4,218.58 principal, interest in the amount of $728.14, and costs. Defendant appeals. This court reverses and remands with directions.

Plaintiff's petition alleged defendant was "indebted to it on account of goods, services and/or merchandise provided by Plaintiff at Defendant's instance and request"; that "[t]he charges for said goods, services and/or merchandise provided by Plaintiff to Defendant [were] reasonable." Plaintiff alleged that payment was demanded but had been refused.[1]

Plaintiff called an employee, Paula Sullinger, as a witness. Ms. Sullinger stated she was "a manager in the recovery unit" located in Kansas City. Ms. Sullinger identified plaintiff as a banking corporation authorized to do business in Missouri. Ms. Sullinger testified, over the objection of defendant, that although there was no documentation of a credit card account, she had knowledge that defendant maintained a credit card account with plaintiff. She testified, over the objection of defendant, that an account maintained by plaintiff revealed a balance owed by defendant. Ms. Sullinger explained, again over defendant's objection, that charges were posted to accounts based upon notification by merchants of charges made by a cardholder; that any documentation for a charge belonged to the merchant and was not maintained by plaintiff.

Ms. Sullinger was asked whether she had knowledge about what goods were purchased by defendant for which charges were made to the account plaintiff sought to collect. She had no knowledge concerning what defendant would have purchased from a particular merchant. Ms. Sullinger had no knowledge whether charges were fair and reasonable. No other evidence was offered on the question of reasonableness of charges.

Ms. Sullinger was asked the following questions and gave the following answers about the nature of plaintiff's business.

Q. My question is, you, being Citibank of South Dakota, didn't provide any merchandise, did you?

A. No.

Q. You didn't provide any goods to the defendant, did you?

A. No, just a service.

Q. And you didn't come out and perform any services for the defendant and charge him for that, did you?

A. No, just paid the merchants for him.

■ Defendant asserts one point on appeal. He argues the trial court erred in granting judgment for plaintiff on its suit on account "because there was no evidence to support the judgment in that [plaintiff] failed to prove that [defendant] received any goods, services or merchandise provided by [plaintiff]." Defendant contends further that there was no evidence that anything plaintiff claims defendant received

---

1. Plaintiff's attorney assured the trial court at the commencement of trial that plaintiff had no credit card agreement signed by defendant; that plaintiff was "suing on an account theory, suit on account."

was reasonable in cost. Defendant further asserts that any theory of recovery plaintiff may assert, other than the suit on account it pleaded, would constitute a variance to which plaintiff timely objected at trial.

■ "A suit on open account means a suit in contract for each purchase transaction." *Medicine Shoppe International, Inc. v. Mehra*, 882 S.W.2d 709, 713 (Mo. App.1994). To recover on a suit on account, a plaintiff must show an offer, an acceptance, and consideration between the parties as well as the correctness of the account and the reasonableness of the charges. *Welsch Furnace Co., Inc. v. Vescovo*, 805 S.W.2d 727, 728 (Mo.App.1991). "Such evidence consists of proof that: 1) Defendant requested plaintiff to furnish merchandise or services; 2) plaintiff accepted the offer of the defendant by furnishing such merchandise or services; and 3) the charges were reasonable." *Id.*

■ Even if this court were to accept plaintiff's assertion that providing credit to a credit card holder amounted to providing a service for purposes of maintaining a suit on account, an issue this court need not and does not address, the evidence was silent as to the reasonableness of any charge that was made to defendant. A party bringing a cause of action cannot prevail if one or more elements of the cause of action are not supported by substantial evidence. *Vintila v. Drassen*, 52 S.W.3d 28, 38 (Mo.App.2001); *Mills Realty, Inc. v. Wolff*, 910 S.W.2d 320, 322 (Mo. App.1995). Further, as asserted by defendant, defendant scrupulously objected throughout the trial to any evidence that was outside plaintiff's pleadings. Defendant's point is granted. The judgment is reversed. The case is remanded. The trial court is directed to enter judgment for defendant.

SHRUM and BARNEY, JJ., concur.