**CITIBANK (S.D.) N.A., Respondent**

v.

**Bethany J. MILLER, Appellant.**

No. 27690.

Missouri Court of Appeals,
Southern District,
Division One.

May 17, 2007.

Karl W. Dickhaus, J. Richard McEachern, Blake D. Hill, McEachern & Dickhaus, LC, St. Louis, for Appellant.

K. Lee Marshall, Bryan Cave LLP, St, Louis, for Respondent.

JOHN E. PARRISH, Judge.

Bethany J. Miller (defendant) appeals a judgment for Citibank (S.D.) N.A. (Citibank) in a suit Citibank brought as an action on account. The trial court found that Citibank's evidence was not sufficient to prove an action on account; however, it concluded that the evidence was sufficient to prove an action for account stated and entered judgment for Citibank on that basis. Defendant contends that the trial court erred in two respects: (1) that the theory of account stated was not before the trial court; and (2) even so, Citibank's evidence was insufficient to prove a claim for account stated. This court reverses and remands with directions that the trial court enter judgment for defendant.

Citibank brought this action in the Associate Circuit Judge Division of the Circuit Court of Dent County. Its petition was entitled "Suit on Account." The petition alleged Citibank was a banking corporation; that defendant was a resident of Dent County, Missouri. The petition then alleged:

2. The Defendant is indebted to [Citibank] on account of credit card services provided by [Citibank] at Defendant's instance and request, in the principal sum of $13,922.47, as per the statement of account attached [to the petition] and made a part of this Petition by reference.[1]

3. The charges for said credit card services provided by [Citibank] to Defendant are reasonable.

4. Demand for payment has been made and payment refused.

WHEREFORE, [Citibank] prays judgment against the Defendant in the sum of $13,922.47, together with interest as provided by law from the date of judgment, and for its costs expended herein.

At the beginning of trial, the trial court observed, "[f]or the record" that "[Citibank] has filed a petition for suit on account and also a motion for summary judgment." The trial judge then announced that he would first hear the motion for summary judgment. Following arguments of counsel, the motion for summary judgment was denied. The parties announced ready for trial and trial began.

Citibank called one witness, Paula Sullinger, who stated she was employed by Citibank as a litigation analyst. Ms. Sullinger told the court that part of her duties was to oversee customer accounts, including that of defendant. She identified what Citibank's trial attorney represented as account records she had brought with her and stated she was "familiar with the manner in which all of [the] entries in the Defendant's account records [were] made." She stated the records were prepared and kept in the ordinary and regular course of Citibank business; that they were kept within her custody and control. Ms. Sullinger said she was custodian of those records. The account for which Citibank sought judgment was "opened by a phone

1. The copy of the petition that is included in the legal file includes a two-page attachment, the first page of which is an affidavit of a person identified as an "Attorney Management Specialist" that sets forth information represented to have been obtained from a credit card account of defendant. The second page of the attachment is a copy of a statement entitled "Your AT & T Universal Card Statement" dated January 14–February 14, 2005. It included defendant's name, an account number, and reflected a due date of March 11, 2005, together with a total balance owed of $13,922.47 and the "[m]inimum [a]mount [d]ue" of the same amount.

application." Citibank had no written application for a credit card signed by defendant.

Ms. Sullinger had no knowledge regarding what was purchased that resulted in charges to the credit card or the reasonableness of the charges for those items. She identified the numerous pages of what she stated were monthly statements for the account.

The trial court allowed the parties time to submit legal authority. The case was passed for review to February 21, 2006. Judgment was entered March 20, 2006. The trial court's findings that are set out in the judgment include:

[Citibank] brought this action as a suit on account. In the sole count of its petition, [Citibank] alleged that defendant was indebted to [Citibank] on account of credit card services, provided by [Citibank] at defendant's instance and request, in the principal sum of $13,922.47; that the charges for the credit card services provided by [Citibank] to defendant were reasonable; and that demand for payment had been made and payment refused. [Citibank] prayed for judgment against defendant in the sum of $13,922.47, together with interest from the date of judgment, and for costs. During the trial, [Citibank's] attorney stipulated: "We are not suing on a contract."

. . .

An action on account is an action in contract for each purchase transaction. To recover on an action on account, the plaintiff must show: offer; acceptance; consideration between the parties; correctness of the account; and reasonableness of the charges. Such evidence includes proof that: defendant requested [Citibank] to furnish merchandise or services; plaintiff accepted the offer of defendant by furnishing such merchandise or services; and the charges were reasonable. *Citibank v. Whiteley,* 149 S.W.3d 599, 601 (Mo.App. S.D.2004).

A party bringing a cause of action cannot prevail if one or more elements of the cause of action are not supported by substantial evidence. Reasonableness of the charges is an element of an action on account. Id. Defendant asserts that [Citibank] failed to prove the reasonableness of the charges by substantial evidence. Therefore, defendant argues that her motion for judgment should be granted because [Citibank] is not entitled to relief as a matter of law. The court finds that plaintiff failed to meet its burden of proof on this element of an action on account.

The trial court then discussed what would be required to prove an action for account stated. It concluded that Citibank proved the elements of an action for account stated by a preponderance of the evidence. It found:

Plaintiff did not plead a cause of action for account stated in its petition. However, the present case is a civil action originally filed before an associate circuit judge for the recovery of money in which the sum demanded, exclusive of interest and costs, does not exceed $25,000.00. Therefore, this case is subject to the rules of procedure contained in Chapter 517, Revised Statutes of Missouri 2000.

Section 517.031.1, Revised Statutes of Missouri 2000, provides that the pleadings of the petition shall be informal. Under this section, a petition is sufficient if it advises the defendant of the nature of the action and suffices to bar another action thereon by plaintiff. *Kershner v. Hilt Truck Line, Inc.,* 637 S.W.2d 769, 771 (Mo.App. S.D.1982). The court finds that [Citibank's] petition

was sufficient to advise defendant of the nature of the action and sufficient to bar another action thereon by [Citibank].

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that defendant's motion for judgment on the grounds that upon the facts and the law [Citibank] is not entitled to relief is denied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that [Citibank] shall have judgment against defendant in the principal sum of $13,240.52, together with interest thereon at the rate of nine percent (9%) per annum from the date of this judgment, and for its costs expended herein.

This case was tried by the court without a jury. Appellate review is undertaken in accordance with Rule 84.13(d).

The appellate court must sustain the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." [*Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976)] at 32. In applying this standard, we invoke the rule of due deference, and view the evidence in the light most favorable to the judgment, disregarding all contrary evidence and permissible inferences, and accepting the trial court's determinations of credibility. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo.banc 1991). *M.F.M. v. J.O.M.*, 889 S.W.2d 944, 950 (Mo.App.1995).

 Defendant's Point I argues that the trial court erred in entering judgment for Citibank under the theory of account stated because Citibank's pleadings were never amended to plead an action for account stated, nor did defendant expressly or impliedly agree to the issues Citibank asserted being tried as an action for account stated.

The purpose of pleadings is to "present, define, and isolate the issues, so that the trial court and all parties have notice of the issues." *Norman v. Wright*, 100 S.W.3d 783, 786 (Mo.banc 2003). It is well-settled that "one may not plead one state of facts and theory and to the unprepared surprise of his adversary recover on another and different theory and state of facts." *Faught v. St. Louis–San Francisco Ry. Co.*, 325 S.W.2d 776, 781 (Mo.1959). *The Medve Group v. Sombright*, 163 S.W.3d 453, 456 (Mo.App.2005).

 A party pleading a civil action "must give a plain and concise statement of the facts constitutive of his cause of action, from which the court will determine its nature." *Bishop v. Goldschmidt*, 436 S.W.2d 47, 50 (Mo.App.1968). "It is axiomatic that a trial court cannot enter a judgment on a cause of action not pleaded." *Brock v. Blackwood*, 143 S.W.3d 47, 60 (Mo.App.2004). *See also Browning–Ferris Industries of St. Louis, Inc. v. Landmark Systems*, 822 S.W.2d 569, 571 (Mo.App.1992).

Citibank filed suit against defendant seeking to recover damages. It brought its action as a suit on account. At the start of the hearing the day of trial, the trial court acknowledged that the pleading before it was a petition for suit on account. Defendant relied on the suit on account theory of recovery as announced by the trial court in making objections directed to evidence that defendant contended was not relevant to issues presented and was beyond the scope of the pleadings.

In findings included as part of its judgment, the trial court found "[Citibank] brought this action as a suit on account"; that "[r]easonableness of the charges is an element of an action on account"; and "[Citibank] failed to meet its burden of proof on this element of an action on account." Instead of finding for defendant

and entering judgment in favor of defendant, the trial court stated that although Citibank did not plead a cause of action for account stated, because the case was filed before an Associate Circuit Judge and sought damages that did not exceed $25,000, the case was tried pursuant to chapter 517.[2] Notwithstanding that Citibank did not seek recovery on the basis of an action for account stated, the trial court granted judgment for Citibank on that theory. Defendant rightfully complains that this was error.

The Eastern District of this court observed in *Browning–Ferris Industries of St. Louis, Inc. v. Landmark Systems, Inc.,* *supra,* that "[i]t is hornbook law that a party cannot recover for a cause of action not pleaded." *Id.* at 571. The trial court in this case nevertheless concluded that because the case was a chapter 517 case, it could grant judgment on a theory of recovery other than the one that was pleaded. This court does not agree.

Rule 41.01(d) provides, as applicable to this case, "Civil actions pending in the associate circuit division shall be governed by Rules 41 through 101 except where otherwise provided by law." *See Exchange Nat. Bank of Jefferson City v. Wolken,* 819 S.W.2d 45, 48 (Mo.banc 1991). Rule 53.01 states, "A civil action is commenced by filing a petition with the court."

Filing a petition would serve little purpose if the court before which the case was filed were free to disregard the pleading and enter judgment on a theory of recovery other than that set forth in the petition. If that were permissible, an opposing party would be at the whim of a plaintiff's last minute decision to seek judgment on any theory it wished although that theory differed from the cause of action the opposing party was prepared to defend.

The petition in this case was not amended (nor was a request made to amend it) before, at, or after trial. Defendant consistently objected throughout trial when evidence was tendered that she deemed not applicable to an action on account. The fact that this is a chapter 517 case does not allow a judgment to be entered based on a theory of recovery that was not pleaded.

The trial court erred in purporting to grant judgment on a theory of recovery other than that set forth in the pleadings that were before it. It erroneously applied the law relative to cases brought under chapter 517 in so doing. Point I is granted. Point II is, therefore, moot. The judgment is reversed and the case remanded with directions that judgment be entered for defendant consistent with the trial court's finding that Citibank did not meet its burden of proof on all elements required to prove an action on account.

RAHMEYER, P.J., and SCOTT, J., concur.

**2.** References to statutes are to RSMo 2000 unless stated otherwise.