

# Missouri Court of Appeals
## Southern District

### In Division

WAYNE MORELOCK,

    Plaintiff-Appellant,

v.

BURRITO CONCEPTS, LLC,

    Defendant-Respondent.

No. SD38667

Filed: October 7, 2025

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable James Ronald Carrier, Associate Circuit Judge

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS

Following the bench trial of an action to recover a debt, the trial court entered judgment for the plaintiff, Wayne Morelock (Plaintiff), for $163,655.92 on one count of his five-count petition. The court also entered judgment for defendant, Burrito Concepts, LLC (Defendant), for $309,743.10 on its counterclaim.

On appeal, Plaintiff challenges the trial court's ruling on Defendant's counterclaim. The first of Plaintiff's three points is dispositive. Point 1 contends the trial

court erred by deciding that Defendant's counterclaim was filed within the applicable five-year statute of limitation period, based upon a "claim on an open account" theory of recovery. We agree. Accordingly, we affirm the part of the judgment in favor of Plaintiff. Because Defendant's counterclaim was time-barred, we reverse the part of the judgment in favor of Defendant and remand with instructions for the trial court to enter an amended judgment awarding damages solely to Plaintiff.

*Factual and Procedural Background*

Defendant was organized in part by the Morelock Family Limited Partnership (MFLP), of which Plaintiff was the managing partner.[1] In June 2014 and March 2015, Plaintiff, in his individual capacity, loaned monies to Defendant in the total amount of $200,000.[2] Plaintiff's loans created what was identified by the parties as an "account payable" (the A/P account) owed to Plaintiff from Defendant. Thereafter, Plaintiff arranged to have various personal obligations paid from Defendant's funds. These payments created what was identified by the parties as an "account receivable" (the A/R account) owed to Defendant from Plaintiff. Instead of having one account reflecting each transaction between the parties, the two accounts showed different transactions and

---

[1] One other limited partnership was involved in Defendant's organization and was denominated the Ross Family Limited Partnership (RFLP).

[2] In October 2015, a new member, John Ghirardelli, became a one-third member of Defendant, with MFLP and RFLP each retaining a one-third membership interest.

2

balances due. While Plaintiff believed he was due monies from Defendant, Defendant simultaneously believed it was due monies from Plaintiff.[3]

The instant lawsuit was initiated by Plaintiff, who filed a multi-count petition seeking to recover the debt from Defendant. Plaintiff's second amended, five-count petition included a Count IV, which the trial court interpreted as a "claim on an open account." Count IV alleged that, "[a]s of the last transaction between Plaintiff and Defendant, Defendant was obligated to Plaintiff in the sum of $163,655.92." In Defendant's answer, it alleged that Plaintiff's claim was barred by the five-year statute of limitation in § 516.120(1).[4]

On June 26, 2023, Defendant filed its counterclaim. The counterclaim alleged that "as of the last transaction between Plaintiff and Defendant, Plaintiff was obligated to pay Defendant … $301,837.21[.]" In Plaintiff's amended reply, he alleged that Defendant's counterclaim was barred by the five-year statute of limitation in § 516.120(1).

At trial, the court admitted Exhibit 10. This document itemized the transactions comprising the A/R account and showed a series of individual debit and credit

---

[3] In July 2017, Plaintiff decided to withdraw MFLP's membership interest in Defendant. The valuation of MFLP's membership was ultimately resolved in a prior lawsuit, but the debt Plaintiff claimed Defendant owed pursuant to the A/P account was not adjudicated because it involved actions by Plaintiff in his individual capacity.

[4] All statutory references are to RSMo (2016). All rule references are to Missouri Court Rules (2025).

transactions dating back to August 12, 2010. The last credit transaction occurred on July 14, 2017, resulting in an ending balance of $309,743.10 as of December 31, 2017.

Defendant's "Balance Sheet" summary, Exhibit 103, also was admitted in evidence. This exhibit included end-of-year balances of various accounts without any itemization to explain changes in those numbers from year to year. This exhibit showed the balance of the A/R account to be $483,503.59 as of January 1, 2017. As of December 31, 2017, this exhibit showed the balance of the A/R account to be $309,743.10, which is the same number shown in Exhibit 10. As of December 31, 2018, Exhibit 103 showed the balance of the A/R account to be $301,937.21.[5] The exhibit contained no information to explain what purportedly had changed to arrive at that number. There was no other evidence in the record, in the form of either testimony or exhibits, showing the date and description of any transactions that purportedly reduced the A/R account balance by $7,805.89 during any part of 2018.

After the trial concluded, the trial court found in favor of Plaintiff in part and Defendant in part. The court found for Plaintiff on Count IV of the petition, a "claim on an open account [the A/P account] for which Defendant is liable." The court explained:

> "An 'open account' is one in which there have been ongoing charges by one party and payments by another party, where the parties have not settled the charges, or where there are running or current dealings between them and the account is kept open in expectation of future dealings." *Berlin v. Pickett*, 221 S.W.3d 406, 412 (Mo. App. 2006). The evidence established the account payable due Plaintiff by Defendant was an open account for which Defendant was liable.

---

[5] Although Defendant's counterclaim alleged Plaintiff was obligated to pay Defendant "$301,837.21[,]" Exhibit 103 reflected a balance $100 greater.

With respect to Defendant, the court similarly found the "evidence established the account receivable due Defendant by Plaintiff [the A/R account] was an open account for which Plaintiff is liable." The court explained:

> Defendant's counterclaim against Plaintiff is a claim for an open account, the elements required to prove such being identical to those required of Plaintiff as to his claim in Count IV of his Second Amended Petition[.] The evidence established the account receivable due Defendant by Plaintiff was an open account for which Plaintiff is liable.

Accordingly, the trial court entered judgment on Count IV of the petition for Plaintiff in the amount of $163,655.92. In so deciding, the court implicitly ruled against Defendant on its § 516.120(1) statute of limitation defense. As to the counterclaim, the court entered judgment for Defendant in the amount of $309,743.10. This was the amount shown in Exhibit 10 and Exhibit 103 as the balance of the A/R account on December 31, 2017. Only Exhibit 10 contained the transactional history to explain the source of that number, and the last specific credit transaction of the A/R account recorded by that exhibit occurred on July 14, 2017.

Thereafter, Plaintiff filed a motion to amend the judgment which alleged, *inter alia*, that Defendant's counterclaim was barred by the five-year statute of limitation period in § 516.120(1). The trial court denied the motion, and Plaintiff appealed.[6]

*Standard of Review*

A judgment is presumed correct, and the party challenging the judgment bears the burden of proving it erroneous. **Brackney v. Walker**, 670 S.W.3d 455, 458 (Mo.

---

[6] Defendant did not cross-appeal from the trial court's award of damages to Plaintiff or the court's ruling against Defendant on its statute of limitation defense.

App. 2023). In this court-tried case, our review is governed by Rule 84.13(d) and *Murphy v. Carron*, 536 S.W.2d 30, 31-32 (Mo. banc 1976). We are required to affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Ivie v. Smith*, 439 S.W.3d 189, 198-99 (Mo. banc 2014).

A trial court is free to believe any, all, or none of the evidence presented at trial. *Gardner v. Gardner*, 689 S.W.3d 530, 542 (Mo. App. 2024). On appeal, we view the evidence and the reasonable inferences drawn therefrom in the light most favorable to the judgment, disregard all evidence and inferences contrary to the judgment, and defer to the trial court's superior position to make credibility determinations. *Seitz v. Advanced Welding & Mfg., Inc.*, 705 S.W.3d 138, 144 (Mo. App. 2025). In conducting our review, "deference is paid to the circuit court's factual determinations, but this Court reviews *de novo* both the circuit court's legal conclusions and its application of law to the facts." *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023) (brackets omitted).

*Discussion and Decision*

Plaintiff presents three points on appeal, but we need address only the first, as it is dispositive. In Point 1, Plaintiff contends the trial court erred by deciding that Defendant's counterclaim was filed within the applicable five-year statute of limitation period in § 516.120(1).

The trial court decided that the evidence proved an open account between the parties, and we agree with that decision. An "action on account" is based in contract.

6

***KDW Staffing, LLC v. Grove Constr., LLC***, 584 S.W.3d 833, 837 (Mo. App. 2019). "An action on account is appropriate where the parties have conducted a series of transactions for which a balance remains to be paid." ***Berlin v. Pickett***, 221 S.W.3d 406, 410 (Mo. App. 2006) (internal quotation marks and citation omitted). Thus, an action on account constitutes a suit in contract for each transaction. *See* ***Citibank S. Dakota N.A. v. Whiteley***, 149 S.W.3d 599, 601 (Mo. App. 2004); ***Med. Shoppe Int'l, Inc. v. Mehra***, 882 S.W.2d 709, 713 (Mo. App. 1994). None of the transactions described in the evidence involved a written promise to pay money, *see* § 516.110(1), so the five-year statute of limitation in § 516.120(1) applied. Consequently, any transaction that occurred more than five years before the filing of Defendant's counterclaim was time-barred. *See* ***Berlin***, 221 S.W.3d at 411-12.

Defendant contends its counterclaim was timely filed because: (1) it requested $301,937.21 as damages; and (2) according to Exhibit 103, Plaintiff owed this sum to Defendant as of December 31, 2018. The premise of Defendant's argument is that there had to be some transaction in 2018 which reduced the A/R account to $301,937.21 from the larger balance owed at the end of 2017. Defendant argues that, because that transaction occurred within five years of the filing of Defendant's counterclaim, the entire balance is recoverable. This argument lacks merit for the following reason.

Exhibit 10 was the only exhibit which showed the specific debit and credit transactions that comprised the A/R account. The last transaction in the A/R account, as demonstrated by that exhibit, occurred on July 14, 2017, and reduced the balance to $309,743.10. Both Exhibit 10 and Exhibit 103 showed that same balance for the A/R

account as of December 31, 2017. Exhibit 103 showed a different balance as of December 31, 2018, but there was no evidence in the record to explain what purportedly happened in 2018 to change that number. Therefore, the trial court was faced with a conflict in the evidence that had to be resolved. The court resolved that conflict by finding that the balance of the A/R account was $309,743.10, which is what Defendant was awarded in the judgment. Because the trial court decided that factual issue adversely to Defendant, we must disregard any evidence that the balance of the A/R account was lower as of December 31, 2018. *See **McDermot v. Doner***, 637 S.W.3d 402, 405 (Mo. App. 2021) (on appeal, we are required to view the evidence in the light most favorable to the trial court's judgment and to disregard any contrary evidence and inferences).

While we defer to the trial court's factual finding, we conduct a *de novo* review of the trial court's application of law to the facts. **Singleton**, 659 S.W.3d at 341. In Point 1, Plaintiff correctly argues that the A/R account upon which Defendant's counterclaim was based "reached its final balance of $309,743.10 on July 14, 2017[.]" That argument is supported by the trial court's factual finding concerning the final balance of the A/R account, in addition to Exhibit 10, which shows that the final credit transaction to reach that balance occurred on July 14, 2017. We conclude that the trial court misapplied the law to the facts by denying Plaintiff's affirmative defense based on the § 516.120(1) statute of limitation. To be timely, Defendant's counterclaim had to be filed within five years of July 14, 2017. Since it was not filed until June 26, 2023, Defendant's counterclaim is time-barred. Plaintiff's first point is granted.

The judgment in favor of Plaintiff is affirmed. The judgment in favor of Defendant is reversed. The case is remanded with instructions to the trial court to enter an amended judgment awarding damages solely to Plaintiff.


JEFFREY W. BATES, J. – OPINION AUTHOR

JACK A. L. GOODMAN, J. – CONCUR

JENNIFER R. GROWCOCK, C.J. – CONCUR