**Roy T. BOYER, Plaintiff-Appellant,**

v.

**CARONDELET SAVINGS & LOAN ASSOCIATION and John L. Davidson and Marvin Klamen, Defendants-Respondents.**

**No. 43888.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 2, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Application to Transfer Denied
June 14, 1982.

David M. Duree, St. Louis, for plaintiff-appellant.

Michael M. Flavin, St. Louis, for Davidson and Klamen.

John L. Davidson, Clayton, for Carondelet.

CRANDALL, Judge.

Appellant appeals from the judgment of the trial court dismissing his petition with prejudice. We affirm, as modified.

Carondelet Savings & Loan Association, by and through its attorney Marvin Klamen, filed suit against appellant and others. The original suit was in two counts seeking money damages for breach of alleged loan guaranties. Carondelet later amended its petition to add Counts III, IV and V.[1] Thereafter Carondelet dismissed Counts I and II of its petition without prejudice, leaving Counts III, IV and V pending. Appellant then filed this lawsuit alleging in Count I malicious commencement of a civil suit against plaintiff by respondents Carondelet and Klamen and in Count II alleging a malicious continuation of prosecution by all of the respondents. On motion by respondents, the trial court entered its judgment dismissing both counts of appellant's petition with prejudice.[2]

For appellant to prevail on his suit for malicious prosecution, he must establish, among other elements, that the prior litigation terminated in his favor. *Stafford v. Muster*, 582 S.W.2d 670, 675 (Mo.banc 1979). Termination in favor of the party bringing the action for malicious prosecution means the final disposition of the cause forming the basis of the action in favor of the party against whom the original action was brought and adversely to the party bringing the original action. *Stix & Co. v. First Missouri Bank & Trust Co.*, 564 S.W.2d 67, 70 (Mo.App.1978).

Appellant argues that the five-count petition filed by Carondelet alleges separate claims and therefore dismissal of Counts I and II would be a termination of prior litigation in his favor. We decline to draw that distinction. The petition pled alternative theories of recovery on two separate claims. Thus the prior litigation has not terminated in appellant's favor and therefore his suit for malicious prosecution is premature.

Appellant next attempts to "bootstrap" his petition by arguing that if he does not state a cause of action for malicious prosecution, then he states a cause of action for prima facie tort or abuse of process. Appellant's petition is an attempt to set out a cause of action for malicious prosecution. It was not intended to, and does not, set out a cause of action for prima facie tort or abuse of process.

The elements of the prima facie tort doctrine are: (1) intentional lawful act by the defendant; (2) an intent to cause injury to the plaintiff; (3) injury to the plaintiff; and (4) an absence of any justification or an insufficient justification for defendant's act. *Porter v. Crawford & Co.*, 611 S.W.2d 265, 268 (Mo.App.1980). We have carefully reviewed appellant's petition and find that it fails to plead ultimate facts showing an actual intent to cause injury to himself by respondents.

Appellant next argues that he states a cause of action for abuse of process in

1. Carondelet's second amended petition is summarized as follows: Count I sought money damages based on the breach of a loan guaranty number 9115 executed by appellant and others on September 25, 1974. Count II sought money damages based on the breach of a loan guaranty number 9116 executed by appellant and others on September 25, 1974. Count III incorporated by reference Counts I and II but prefaced liability on a loan guaranty executed by appellant and others on April 15, 1974. Count IV was not directed against appellant. Count V alleged that appellant authorized an agent to execute the loan guaranties of September 25, 1974, or that appellant subsequently ratified such execution.

2. The trial court sustained respondents' motions to dismiss but did not specifically rule on the motions for summary judgment that were pending at the time. We are treating the motions to dismiss as motions for summary judgment. Rule 55.27(a).

In view of the fact that matters outside the pleadings were presented and not excluded by the trial court at the hearing on the motions to dismiss appellant's petition and all parties had ample opportunity to present materials on the issue of summary judgment, the trial court in effect entered summary judgment when it ruled on respondents' motions to dismiss. *Brown v. Crow*, 564 S.W.2d 599, 600 (Mo.App.1978); *Kelley v. Schnebelen*, 545 S.W.2d 332, 334 (Mo.App.1976).

Count II of his petition. A pleading alleging abuse of process must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted. *Stafford v. Muster, supra* at 678. The phrase "use of process" as used in this context refers to some willful definite act not authorized by the process or aimed at an objective not legitimate in the proper employment of such process. *Id.*

■ Appellant's petition does not allege an illegal, improper or perverted use of process. The "use of process" was to collect money damages, an act within the purview of the process. Count II of plaintiff's petition deals with the alleged malicious continuation of a lawsuit by respondents, not abuse of process.

■ Since it is the ruling of this court that appellant failed to show a successful termination of the original proceeding in his favor and thus was premature in his filing of a malicious prosecution suit, we disagree with the trial court's dismissal of appellant's petition *with prejudice.* It is therefore the judgment of this court that appellant's petition is dismissed without prejudice.

The judgment of the trial court is affirmed as modified.

STEWART, P. J., and STEPHAN, J., concur.