In re Edwin Jordan MASTERS, M.D. and Jacqueline Gayle Masters, Debtors.

**FIRST NATIONAL BANK OF SIKESTON, Plaintiff,**

v.

Edwin Jordan MASTERS, M.D. and Jacqueline Gayle Masters, Defendants.

Bankruptcy No. 83–00117(SE).

Adv. No. 83–0139(SE).

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

May 30, 1984.

See also, Bkrtcy, 42 B.R. 745.

Kent Wunderlich, W.H. Fisher, III, Memphis, Tenn., James R. Robison, Sikeston, Mo., for plaintiff.

Paul H. Berens, Cape Girardeau, Mo., for defendants.

William H. Frye, Cape Girardeau, Mo., Trustee.

William L. Syler, Cape Girardeau, Mo., for trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

At issue before the Court is whether Defendant, Edwin Jordan Masters', Counterclaim states a claim upon which relief can be granted. Plaintiff's Motion to Dismiss asserts that it does not.

■ The Counterclaim is captioned "Abuse of Process". The gist of it is the allegation that the instant non-dischargeability complaint filed by the Plaintiff is groundless and, along with a pre-bankruptcy state court action seeking to collect the debts in question, was filed for the sole purpose of getting revenge against Defendant, Edwin Jordan Masters. The Counterclaim further alleges that this Defendant was active in his opposition to William Burlison, a recent Democratic candidate for the Congressional seat for Southeastern Missouri, and that certain of the Plaintiff's stockholders, officers, and directors, being active and prominent in the state Democratic party, are retaliating against this Defendant for his political activities through these proceedings.

In *Moffett v. Commerce Trust Company*, 283 S.W.2d 591 (Mo.1955), at page 599, the Missouri Supreme Court said:

The essential elements of abuse of process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is

required; *and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.* * * * *The ulterior motive may be inferred from the wrongful use made of the process, but the use itself may not be inferred from the motive.*" (Emphasis added).

Therefore, the Counterclaim does not and cannot state a claim for abuse of process.

The Counterclaim actually attempts to state a claim for malicious prosecution. However, an action for malicious prosecution cannot be maintained until a termination of the prior proceeding in the Plaintiff's favor, *Boyer v. Carondelet Savings & Loan Assn.*, 633 S.W.2d 98 (Mo.Ct.App., E.D.1982).

Accordingly, Defendant, Edwin Jordan Masters', Counterclaim will, by separate order, be dismissed without prejudice to its possible refiling after the termination of the instant proceeding.