**William H. VIEHWEG, Plaintiff,**

v.

**W. Morris TAYLOR, et al., Defendants.**

No. 91–1828C(6).

United States District Court,
E.D. Missouri, E.D.

Sept. 10, 1992.

---

William H. Viehweg, pro se.

W. Morris Taylor, William K. Meehan, Clayton, Mo., for Martin.

Brent Baldwin, James Reeves, Baldwin & Hess, St. Louis, Mo., for Smith.

William Meehan, St. Louis, Mo., for P & R Inv.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendants' motions to dismiss the first amended complaint for failure to state a claim.

Plaintiff William H. Viehweg brings this diversity action for abuse of process against five defendants. Jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332.

According to his complaint, Viehweg filed a petition in state court against defendants Rollin Martin, W. Morris Taylor and P & R Investments claiming wrongful discharge and failure to pay final wages. Each defendant in the state court proceed-ing filed a counterclaim for injunctive relief, seeking to enjoin Viehweg from approaching Taylor, his residence or his law firm. Defendants abandoned their counterclaims before the court took any action upon them.

Viehweg maintains that Martin, Taylor and P & R misrepresented the facts in their requests for injunctive relief and their statements to the state court. He alleges that as a consequence of Taylor's false representations about Viehweg's conduct, the state court judge summarily granted defendants' motion to dismiss for failure to state a claim and also sanctioned Viehweg. Allegedly out of fear of contempt of court as a result of further false accusations, Viehweg neither sought to amend his defective petition nor brought an appeal from the state court's decision.

When ruling on a motion to dismiss, the Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom, in a light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Id.*

██ Under Missouri law, a claim for abuse of process must allege an illegal, improper, or perverted use of process that is not warranted or authorized, that defendants had an improper purpose in the use of the process, and that damage resulted. *Missouri Highway & Transp. Comm'n v. Commerce Bank*, 763 S.W.2d 172, 177 (Mo. Ct.App.1988). Mere allegations that defendants maliciously commenced a civil suit will not satisfy this pleading requirement. *Boyer v. Carondelet Sav. & Loan Ass'n*, 633 S.W.2d 98, 101 (Mo.Ct.App.1982).

██ For purposes of this motion, accepting the allegations of the complaint as true, Viehweg's complaint fails to state a claim for abuse of process because his allegations do not constitute perverted use of process. Viehweg merely alleges that defendants misrepresented facts to the court,

a claim any unsuccessful plaintiff might make. His claim is unlike other allegations of abuse of process that have withstood a motion to dismiss, such as those relying on defendants' filing of identical claims in several other courts, *see National Motor Club v. Noe*, 475 S.W.2d 16, 24 (Mo.1972), initiation of a criminal prosecution in order to compel the criminal defendant to pay for damages to an automobile, *see Ritterbusch v. Holt*, 789 S.W.2d 491, 494 (Mo.1990) (en banc), or filing of a third appeal while two appeals involving the same cause of action are still pending, *Braxton v. Bi–State Development Agency*, 728 F.2d 1105 (8th Cir. 1984). Viehweg's allegations simply do not state a claim for abuse of process. The Court will grant defendants' motions to dismiss.