STATE ex rel. the POLICE RETIREMENT SYSTEM OF ST. LOUIS, et al., Relators,

v.

Honorable Thomas C. MUMMERT III, Judge, Circuit Court, St. Louis City, Respondent.

No. 76388.

Supreme Court of Missouri, En Banc.

April 26, 1994.

Rehearing Denied May 26, 1994.

**554**

Henry D. Menghini, Adrian P. Sulser, Bonnie L. White, City Counselor, James L. Matchefts, Asst. City Counselor, St. Louis, for relators.

James J. Sauter, Mary Elizabeth Dorsey, St. Louis, for respondent.

## ORIGINAL PROCEEDING IN PROHIBITION

BENTON, Judge.

On October 2, 1987, a federal grand jury indicted Anthony D. Daniele for scheming to defraud the Police Retirement System of St. Louis by directing its brokerage business to I.M. Simon & Co., which then paid kickbacks to Donald C. Anton, who in turn supported Daniele's election to the System's board. The indictment charged Daniele with mail fraud in violation of 18 U.S.C. §§ 1341 and 1342, extortion in violation of 18 U.S.C. §§ 1951 and 1952, and conspiracy in violation of 18 U.S.C. § 371. On June 9, 1988, the jury found Daniele guilty of all charges, and he was sentenced to seven years' imprisonment and $200,000 joint restitution with Anton. *United States v. Daniele*, 886 F.2d 1046, 1048 (8th Cir.1989); *United States v. Daniele*, 931 F.2d 486, 490 (8th Cir.1991).

On September 7, 1988, the System sued Daniele, by amending its complaint in a pending civil suit. Against Daniele, the System alleged violation of the Racketeer Influenced and Corrupt Organizations Act, violation of the Securities Exchange Act of 1934, common-law fraud, breach of fiduciary duty, and breach of contract. Only the last claim was submitted to the jury, which returned a verdict for Daniele. *Police Retirement System v. Midwest Investment Advisory Service, Inc.*, 940 F.2d 351, 353 (8th Cir.1991).

On November 5, 1992, Daniele sued relators—the Retirement System and seven of its trustees—for malicious prosecution. Re-

lators filed for summary judgment, which the trial court denied. Relators then sought prohibition in the court of appeals, which denied relief. Relators now seek prohibition in this Court. *Mo. Const. art. V, § 4.*

## I.

■ A threshold issue is whether prohibition is available to relators. The writ of prohibition prevents lower courts from acting without or in excess of their jurisdiction. *State ex rel. Douglas Toyota v. Keeter,* 804 S.W.2d 750, 752 (Mo. banc 1991). Prohibition is generally unavailable if appeal would provide adequate relief. *Id.; Rule 84.22.*

■ However, prohibition is appropriate to prevent unnecessary, inconvenient and expensive litigation. *State ex rel. New Liberty Hospital District v. Pratt,* 687 S.W.2d 184, 187 (Mo. banc 1985); *State ex rel. Simmerock v. Brackmann,* 714 S.W.2d 938, 939 (Mo. App.1986). Because prohibition would prevent unnecessary litigation, prohibition may be considered in this case.

## II.

■ To succeed on a claim of malicious prosecution, the plaintiff has the burden of proving: 1) commencement of an earlier suit against plaintiff; 2) instigation of the suit by defendant; 3) termination of the suit in plaintiff's favor; 4) lack of probable cause for the suit; 5) malice by defendant in instituting the suit; and 6) damage to plaintiff resulting from the suit. *Sanders v. Daniel International Corp.,* 682 S.W.2d 803, 807 (Mo. banc 1984); *Zahorsky v. Griffin, Dysart, Taylor, Penner and Lay, P.C.,* 690 S.W.2d 144, 147 (Mo.App.1985).

■ Probable cause for a civil suit means a reasonable belief in the facts alleged, plus a reasonable belief that the claim may be valid. *Haswell v. Liberty Mutual Insurance Co.,* 557 S.W.2d 628, 633 (Mo. banc 1977). Where there is no dispute about the facts of a claim for malicious prosecution, the existence of probable cause is a question of law for the court, not a question of fact for the jury. *Henderson v. Cape Trading Co.,* 289 S.W. 332, 334 (Mo.1926); *Zahorsky,* 690 S.W.2d at 151.

■ Relators argue that Daniele's criminal conviction creates a presumption of probable cause for the subsequent civil suit against him. *See Euge v. Bank of St. Louis,* 567 S.W.2d 409, 411 (Mo.App.1978). As a general rule, a conviction is prima facie evidence of probable cause for the prosecution, and is rebuttable only by proof that the conviction was based on fraud or false testimony, or that the prosecutor did not believe the facts alleged in support of the prosecution. *Wilcox v. Gilmore,* 320 Mo. 980, 8 S.W.2d 961, 963 (1928); *Perry v. Dayton Hudson Corp.,* 789 S.W.2d 837, 841 (Mo.App.1990). The rationale for this rule is that, if the jury finds guilt beyond a reasonable doubt, probable cause existed to initiate the criminal proceeding. *See Restatement (Second) of Torts § 667 cmt. b (1977).*

■ Courts traditionally apply this rule where the malicious prosecution case follows the criminal prosecution. Here, Daniele's malicious prosecution case arises from a civil suit, which followed a criminal prosecution. Nevertheless, because of the common facts of the criminal and civil charges against Daniele, the presumption should apply here.

In the criminal prosecution of Daniele, the grand jury charged in count XVIII that Daniele and others conspired to

> direct I.M. Simon & Co. to pay to certain co-conspirators [including Anton] ... approximately 70 per cent of the net brokerage commissions received by I.M. Simon & Co. from the Police Pension Fund and the Fire Pension Fund for brokerage trades referred to I.M. Simon & Co....

The jury found Daniele "guilty as charged" of count XVIII.

The facts in the civil suit against Daniele are identical to those in count XVIII of the criminal conviction. In counts I and III of the civil suit, relators alleged that Daniele and others, including Anton,

> devised plans whereby through a pattern of fraudulent schemes as set forth above, which schemes were to be carried out by a pattern of racketeering activities, they would defraud the Retirement System in

order to procure monetary and other benefits for themselves and others....

Similarly, count XIV of the civil suit states that Daniele and others conspired to breach a contract with the Retirement System and:

The Retirement System lost commissions, interest, fees and other benefits paid or accruing to Guaranty, I.M. Simon, and/or others....

As shown by counts I, III, and XIV, the civil suit focused on facts matching those encompassed by the charges in the criminal conviction. The criminal conviction was sufficient to give relators a reasonable belief in the facts alleged in the civil suit against Daniele, plus a reasonable belief that its claims may be valid. Thus, relators, as a matter of law, had probable cause to bring the civil suit against Daniele.

■ A defending party may establish a right to summary judgment by showing facts that negate any element of the opponent's cause of action. *ITT Commercial Finance Corp. v. Mid–American Marine Supply Corp.*, 854 S.W.2d 371, 381 (Mo. banc 1993). By proving Daniele's criminal conviction, relators negated the lack-of-probable-cause element in Daniele's malicious prosecution case. This shifted the burden to Daniele to show a genuine issue as to material facts. *Id.* at 381–82; *Rule 74.04(e)*. Because he did not allege, let alone show, that the criminal conviction was obtained by fraud or false testimony or that the prosecutor did not believe the facts alleged in support of the prosecution, Daniele failed to meet his burden of proof. Once the defendant shows a valid conviction, the plaintiff can no longer meet its burden by "slight proof" of lack of probable cause. *See Hughes v. Aetna Insurance Co.*, 261 S.W.2d 942, 945 (Mo.1953). Therefore, the circuit court should have granted relators' motion for summary judgment.

The preliminary order in prohibition is made absolute, respondent is ordered to grant relators' motion for summary judgment.

All concur.