Ronald F. TURNER, Michael L. Hallmark and Gregory E. Nook, Plaintiffs,

v.

The ELLERBE BECKET COMPANY, et al., Defendants.

No. 96–0497–CV–W–5.

United States District Court, W.D. Missouri, Western Division.

Feb. 19, 1997.

Gregory S. Gerstner, Gordon D. Gee, Seigfreid, Bingham, Levy, Selzer & Gee, P.C., Kansas City, MO, Paul A. Kaplan, James J. O'Brien, David & Hagner, P.C., Washington, DC, for plaintiffs.

Joel K. Goldman, Husch & Eppenberger, Kansas City, MO, for defendants.

## ORDER

LAUGHREY, District Judge.

Pending before the Court is Defendants' Motion to Dismiss, or, Alternatively, for Summary Judgment with Respect to Count IX and Count X of the Complaint. Plaintiffs have filed their Suggestions in Opposition to which Defendants have filed a Reply. In consideration of these filings and for the reasons discussed below, the Court grants Defendants' Motion to Dismiss Count IX and denies Defendants' Motion to Dismiss Count X.

## I. Background

Plaintiffs were employed as architects by Defendant Ellerbe Becket, Inc. ("EBI") and owned stock in that company. The other Defendants are Ellerbe Becket Construction Services ("EBCS"), Ellerbe Becket Company ("EBCO") and Robert Degenhardt. EBI and EBCS are subsidiaries of EBCO. Degenhardt is the chief executive officer of EBCO and EBI. The parties dispute whether Plaintiffs resigned or were terminated by EBI on May 1, 1995. On May 5, 1995, EBI filed suit ("Ellerbe lawsuit") against Turner, Hallmark and Nook ("employees") over their separation from the company. EBI voluntarily dismissed the Ellerbe lawsuit on November 29, 1995. Plaintiffs have filed a ten-count complaint alleging, among other things, a claim for abuse of process and a claim for malicious prosecution. Defendants have moved to dismiss these claims, asserting that Plaintiffs have failed to state a claim.

## II. Standard of Review

"In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. The complaint must be liberally construed in the light most favorable to the plaintiff. A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994) (citations omitted).

## III. Discussion

### A. Abuse of Process—Count IX

■ To state a claim for abuse of process, the plaintiff must allege three elements: 1) the present defendant illegally, improperly, or pervertedly used process in a way unwarranted or unauthorized by the process; 2) the present defendant possessed an improper purpose in exercising the illegal, improper or perverted use of process; and 3) the present plaintiff suffered damages. *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 (Mo. banc 1990). The first element is established by showing that the process was used for a collateral purpose, *R. Rowland & Co. v. Smith,* 698 S.W.2d 48, 52 (Mo.App.1985), so as to force a person to do something he or she could not legally be forced to do. *Wessler v. Wessler,* 610 S.W.2d 650, 651 (Mo.App. 1980).

■ In their Complaint, Plaintiffs allege that the purpose in bringing the Ellerbe lawsuit was to "injure, damage and render it difficult" for them to find alternative employment. The Plaintiffs also allege that Degenhardt signed a certification alleging wrongful actions which he knew were not committed or for which he had no reasonable basis to allege, and that he certified damages in the amount of $4,000,000, an amount which he knew was untrue or for which he lacked a factual basis. According to the Plaintiffs, these actions were done because of the present Defendants' ill will, malice and intent to injure, and as a result, Turner, Hallmark and Nook suffered and continue to suffer eco-

nomic harm, humiliation, embarrassment and emotional distress.

■ Plaintiffs have made sufficient allegations to meet the second and third elements of a claim for abuse of process in that they aver the present Defendants maliciously and intentionally used process and that Plaintiffs were thereby damaged. Plaintiffs have not successfully pled the first element—an illegal, improper or perverted use of process in an unwarranted or unauthorized way. Plaintiffs allege that the present Defendants used process in the Ellerbe lawsuit to damage employment opportunities. Merely because a party maliciously files suit or misrepresents facts to the court does not establish the first element of an abuse of process claim. *Viehweg v. Taylor,* 797 F.Supp. 751, 752 (E.D.Mo. 1992). "As long as a plaintiff is seeking the remedy requested, his bad motives for pursuing the suit are irrelevant." *Krakover v. Mazur,* 48 F.3d 341, 344 (8th Cir.1995).

There is no allegation that the present Defendants were not seeking the damages requested in their Complaint. This case is not like the case of *Guirl v. Guirl,* 708 S.W.2d 239 (Mo.App.1986), where the plaintiffs refused to settle the suit even thought the defendants offered all the relief which had been requested because the plaintiff's true motive was not to secure the remedy requested but rather to secure control of the family business. Nor is this case like the case of *Owen v. Owen,* 642 S.W.2d 410 (Mo. App.1982), where suit was filed against a husband and wife and the plaintiff agreed to drop the suit if the wife would agree to settle her divorce action against the husband. In that case, it was established that the plaintiff had no colorable claim against the defendant and hence could only be seeking a collateral objective. Nor is this case like the case of *National Motor Club v. Noe,* 475 S.W.2d 16 (Mo.1972), where the original plaintiff filed the same suit in multiple jurisdictions.

Here, the allegations of malicious intent to damage employment opportunities clearly go to the present Defendants' motive and do not demonstrate an improper use of service. Accordingly, the Court finds that Plaintiffs have failed to state a claim for abuse of process

and, therefore, dismisses Count IX of Plaintiffs' Complaint.

### B. Malicious Prosecution—Count X

■ To state a claim for malicious prosecution, the plaintiff must allege six elements: 1) the commencement or prosecution of proceedings against the plaintiff; 2) instigated by the defendant; 3) terminated in favor of the plaintiff; 4) lack of probable cause for the suit; 5) malice by the defendant in bringing the suit; and 6) resulting damages to the plaintiff. *State ex rel. Police Retirement System of St. Louis v. Mummert,* 875 S.W.2d 553, 555 (Mo. banc 1994). Viewing the face of the Complaint and construing it in favor of Plaintiffs, it is clear that Plaintiffs have stated a cause of action for malicious prosecution in that they allege Defendants maliciously brought the prior suit without probable cause and that it was voluntarily dismissed, thereby damaging Plaintiffs. Complaint ¶ 69–72. The Court therefore refuses to dismiss Count X for failure to state a claim.

■ Defendants have moved alternatively for summary judgment on Count X. The Court notes that Defendants' Motion for Summary Judgment does not comply with Local Rule 13(G), which requires the movant to include a separately numbered statement of uncontroverted material facts. Although Plaintiffs followed this rule in their Suggestions in Opposition, Defendants made no effort to address the individually numbered facts in their Reply. Because Defendants did not comply with Local Rule 13(G), their Motion for Summary Judgment is denied. Furthermore, based on the Court's understanding of the facts, the Motion for Summary Judgment would be denied even if Defendants had complied with Local Rule 13(G).

■ The central issue in dispute in Count X is whether the present Defendants lacked probable cause in bringing the Ellerbe lawsuit. If the present Defendants had probable cause to bring the Ellerbe lawsuit, then there is no claim for malicious prosecution. *Zahorsky v. Griffin,* 690 S.W.2d 144, 151 (Mo.App.1985); *Penn v. Iowa State Board of Regents,* 999 F.2d 305, 307 (8th Cir.1993). A party has probable cause to

initiate a civil action if the party reasonably believes that the facts are as alleged, "based on sufficient circumstances to reasonably induce such belief by a person of ordinary prudence in the same situation," and the party reasonably believes that the claim may be valid under the law. *Fust v. Francois,* 913 S.W.2d 38, 43–44 (Mo.App.1995), (quoting *Haswell v. Liberty Mut. Ins. Co.,* 557 S.W.2d 628 (Mo. banc 1977)).

The present Defendants argue that they filed their lawsuit because the former employees breached their fiduciary duty in that they secretly devised a proposal and solicited shareholders to separate from the company. Plaintiffs counter that there was no probable cause for breach of fiduciary duty because Degenhardt invited them to discuss the proposal. Defendants further allege that their suit was based on a violation of the Fair Dealing Agreement, executed by Plaintiffs as part of their employment contract. Plaintiffs assert that there is no probable cause for a claim based on the Fair Dealing Agreement because if Defendants had accepted the proposal, the employees would not have resigned but would have continued to work for a business Ellerbe agreed to sell. There is also a dispute about whether Plaintiffs were terminated or effectively resigned, a fact which would impact the question of probable cause. The determination of probable cause is a question of law for the court only when there is no factual dispute. *Mummert,* 875 S.W.2d at 555. It is clear from both Plaintiffs' and Defendants' briefs that material issues of fact remain as to the underlying claim for malicious prosecution. The Court is therefore precluded from deciding as a matter of law whether the Defendants had probable cause to bring the prior lawsuit. Accordingly, the Court will not dismiss Count X for malicious prosecution.

### IV. Conclusion

Accordingly, it is hereby ORDERED that Defendants' Motion (Doc. # 13) is GRANTED as to Count IX and DENIED as to Count X.