David KING and James Gooch, Appellants,

v.

John YOUNG, Defendant,

and

Andre Townsel, Michael Brazil, Steven Andreyuk, d/b/a Andreyuk, Brazil & Townsel, a Missouri Partnership, Respondents.

No. ED 92509.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 22, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 8, 2010.

Application for Transfer Denied March 23, 2010.

Lynn Myers, Springfield, MO, for Appellants.

John W. Rourke, St. Louis, MO, for Respondent Andre Townsel.

Yvonne M. Yarnell, St. Charles, MO, for Respondents Steven Andreyuk and Michael Brazil.

## OPINION

GLENN A. NORTON, Presiding Judge.

David King and James Gooch ("Appellants") appeal the grant of summary judgment in favor of Andre Townsel on their malicious prosecution claim. Appellants also appeal the judgment dismissing their malicious prosecution claims against Michael Brazil and Steven Andreyuk.[1] Appellants' malicious prosecution claims against Respondents, who are all attorneys, were based upon allegations that they improperly initiated and continued a suit in St. Charles County Circuit Court on behalf of Andre Townsel's client John Young.[2]

### I.  BACKGROUND

In 1996, John Young ("Employee") was dismissed from his employment as a police officer for the City of St. Charles, Missouri. Around the time of Employee's dismissal, David King was the police chief and James Gooch was a police captain.

Employee filed three lawsuits arising out of his dismissal. In 1999, Employee filed his first suit in federal court against former supervisors including David King.

---

1.  We will refer to Andre Townsel, Michael Brazil, and Steven Andreyuk collectively as "Respondents."

2.  Appellants also filed a malicious prosecution claim against John Young, but voluntarily dismissed him as a defendant prior to this appeal.

This suit was filed by and through an attorney who is not one of the respondents in the instant case. Employee brought this suit pursuant to 42 U.S.C. section 1983 alleging his due process rights under the U.S. and Missouri Constitutions were violated in connection with his dismissal from the police department. The U.S. District Court of the Eastern District of Missouri dismissed Employee's suit for failing to state a cause of action for which relief could be granted, a decision which was affirmed by the Eighth Circuit Court of Appeals.

Employee, acting *pro se,* filed his second suit in federal court in 2001 against former supervisors including Appellants. Once again, Employee brought this suit pursuant to 42 U.S.C. section 1983 alleging his due process rights under the U.S. and Missouri Constitutions were violated in connection with his dismissal from the police department. The U.S. District Court of the Eastern District of Missouri entered summary judgment in favor of the defendants on the basis that Employee's claims were barred by the first federal suit under the doctrine of *res judicata,* a decision which was affirmed by the Eighth Circuit Court of Appeals.

Employee's third and final suit was filed in 2003 in Missouri state court by and through Townsel as Employee's attorney of record. This suit, filed in St. Charles County Circuit Court, alleged Appellants tortiously interfered with Employee's employment relationship with the City of St. Charles. Appellants filed a motion to dismiss Employee's petition, which the trial court granted. The trial court found that Employee's state court action was barred by *res judicata* (claim preclusion) because it "arises from the same transaction as his two prior federal court cases which were decided . . . against him" and "[Employee] could have brought all of his potential claims in his previously filed federal law-

suits." Employee did not appeal the trial court's decision.

Subsequently, Appellants filed the instant malicious prosecution action against Respondents, which was based upon allegations that they improperly initiated and continued the 2003 state court action against Appellants on behalf of Employee. Appellants' petition claimed that Brazil and Andreyuk were only liable for malicious prosecution because they were allegedly partners with Townsel, Employee's attorney.

Brazil and Andreyuk filed a motion to dismiss Appellants' malicious prosecution claims asserting: (1) Respondents were not members of a partnership doing business as attorneys; (2) the attorneys only shared office space with one another; and (3) Brazil and Andreyuk had no involvement in the filing or continuation of Employee's state court action against Appellants. The trial court granted Brazil and Andreyuk's motion to dismiss. Thereafter, Townsel filed a motion for summary judgment asserting he was entitled to judgment as a matter of law on Appellants' malicious prosecution claim because, *inter alia:* (1) Appellants were required to show he acted with "legal malice" in filing the 2003 state court action rather than "malice in law" since Townsel was an attorney being sued for malicious prosecution; and (2) Appellants could not present any evidence to support a finding of legal malice on the part of Townsel in filing suit on behalf of Employee in state court. The trial court granted Townsel's motion for summary judgment. Appellants appeal.

## II.  DISCUSSION

### A.  The Trial Court did not Err in Granting Summary Judgment in favor of Townsel on Appellants' Malicious Prosecution Claim

In their first two points on appeal, Appellants argue the trial court erred in

granting summary judgment in favor of Townsel on their malicious prosecution claim. We disagree.

Our review of summary judgment is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm the grant of summary judgment only where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 377. A defending party moving for summary judgment may establish a right to judgment as a matter of law by showing "that the party opposing the motion has presented insufficient evidence to allow the finding of the existence of any one of the claimant's elements[.]" *Ameristar Jet Charter, Inc. v. Dodson International Parts, Inc.*, 155 S.W.3d 50, 58–59 (Mo. banc 2005).

In order for Appellants to succeed on their malicious prosecution claim against Townsel, they have the burden of proving: (1) the commencement of an earlier suit against Appellants; (2) initiation of the suit by Townsel; (3) termination of the suit in Appellants' favor; (4) lack of probable cause for filing the suit; (5) malice by Townsel in initiating or continuing the suit; and (6) damage to Appellants resulting from the suit. *State ex rel. Police Retirement System of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo. banc 1994); *Macke Laundry Service Limited Partnership v. Jetz Service Co.*, 931 S.W.2d 166, 180 (Mo.App. W.D.1996). Our discussion of Appellants' first two points on appeal concerns the element of malice.

**1. Appellants were Required to Prove Townsel acted with Legal Malice**

In their first point on appeal, Appellants assert the trial court, by granting summary judgment in favor of Townsel on their malicious prosecution claim, erroneously required Appellants to prove Townsel acted with legal malice in initiating the 2003 state court action on behalf of Employee. Appellants assert they were only required to prove Townsel acted with malice in law. We disagree.

In *Macke*, the Western District made a clear distinction between the two malice standards required in civil malicious prosecution actions—malice in law and legal malice. 931 S.W.2d at 179–180. The Court held that a showing of malice in law is required in a civil malicious prosecution action against a non-attorney. *Id.* at 180. Malice in the law requires only that the suit was intentionally initiated or continued "without the honest belief that it was lawful when done." *Id.* However, where an attorney files suit on behalf of a client based on his own investigation, a showing of legal malice is required. *Id.* To show legal malice, a plaintiff must prove that the primary purpose for initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim. *Id.* "Attorneys who act after their own investigation are not liable for malicious prosecution if their acts are performed in good faith and have the honest purpose of protecting the interests of [their] client." *Id.* (internal quotations omitted). "[U]nlike malice in law, legal malice cannot be inferred from the facts which establish a lack of probable cause [for filing suit]." *Id.*

We agree with the Western District's decision in *Macke* as set out above. Here, it is undisputed that Townsel filed suit against Appellants based upon his own investigation of Employee's state court claims. Pursuant to *Macke*, Appellants were required to show legal malice. 931 S.W.2d at 180. Point one is denied.

**2. Appellants have Presented Insufficient Evidence to Support a Finding of Legal Malice**

▮ In their second point on appeal, Appellants assert the trial court erred in granting summary judgment in favor of in favor of Townsel on their malicious prosecution claim. Townsel's motion for summary judgment asserted it was entitled to judgment as a matter of law because Appellants could not present any evidence to support a finding of legal malice.

▮ As stated above in Section A. 1, in order to show legal malice in this case, Appellants must prove that the primary purpose for initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim. *Macke*, 931 S.W.2d at 180. Appellants claim they have provided sufficient evidence of legal malice because Townsel admitted he was aware of the two federal suits filed by Employee, and therefore, Townsel knew or should have known that the state court action he was filing on behalf of Employee would be barred by *res judicata*. While this may be evidence that Townsel lacked probable cause in filing suit,[3] this is not evidence of legal malice. Moreover, as previously indicated, legal malice cannot be inferred from facts establishing a lack of probable cause for filing suit. *Macke*, 931 S.W.2d at 180. Therefore, even assuming *arguendo* that there is evidence Townsel initiated or continued the filing of Employee's state court action when there was no probable cause, there is no evidence that his acts were for a purpose other than to secure the proper adjudication of Employee's claims. Because Appellants have presented insufficient evidence to support a finding of legal malice, the trial court did not err in granting summary judgment in favor of Townsel on Appellants' malicious prosecution claim.

*See Macke*, 931 S.W.2d at 180 (finding the trial court did not err in granting summary judgment under similar circumstances). Point two is denied.

**B. Appellants' appeal of the Trial Court's Dismissal of their Malicious Prosecution Claims against Brazil and Andreyuk is Dismissed as Moot**

▮ In their third and final point on appeal, Appellants assert the trial court erred in dismissing their malicious prosecution claims against Brazil and Andreyuk. Appellants' petition claims Brazil and Andreyuk were only liable for malicious prosecution because they were allegedly partners with Townsel. Accordingly, any potential liability on the part of Brazil and Andreyuk was premised upon Townsel's liability. Because Brazil and Andreyuk could only be found liable for malicious prosecution if Townsel was found liable, this point on appeal is rendered moot by our disposition of Point II. *See KRP ex rel. Brown v. Penyweit*, 219 S.W.3d 829, 838 (Mo.App. W.D.2007) (stating that "[a] claim is rendered moot if something occurs that makes a court's decision unnecessary") (internal quotations omitted). In general, a moot claim should be dismissed. *Thruston v. Jefferson City School District*, 95 S.W.3d 131, 134 (Mo. App. W.D.2003). We will only address a moot point on appeal if it "presents a recurring unsettled legal issue of public interest and importance that will escape review unless the court exercises its discretionary [review] ... or it is likely to come up again on remand[.]" *KRP ex rel. Brown*, 219 S.W.3d at 838 (internal quotations and citations omitted). This case

---

3. An attorney has probable cause for the initiation of a civil suit when he has "a reasonable belief in the facts alleged, plus a reasonable belief that the claim may be valid." *Jim Toyne, Inc. v. Adams*, 916 S.W.2d 381, 382 (Mo.App. W.D.1996) (quoting *Mummert*, 875 S.W.2d at 555).

presents neither of those exceptions. Point three is dismissed.

## III. CONCLUSION

We affirm the trial court's grant of summary judgment in favor of Townsel. We dismiss Appellants' appeal of the trial court's dismissal of their malicious prosecution claims against Brazil and Andreyuk because it is moot.

MARY K. HOFF and LAWRENCE E. MOONEY, JJ., concur.