**Jimmy D. CLARK, Appellant,**

v.

**Kelly Rosine RUARK, Respondent.**

**WD 79308**

Missouri Court of Appeals,
Western District.

Filed: July 5, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied
August 1, 2017

Application for Transfer to Supreme
Court Denied October 31, 2017

---

Kevin Baldwin and Eric E. Vernon, Liberty, MO, for respondent.

Jimmy D. Clark, Smithville, MO, appellant pro se.

Before Division Two: Cynthia L. Martin, Presiding Judge, Lisa White Hardwick and Alok Ahuja, Judges

Lisa White Hardwick, Judge

Jimmy Clark appeals from the circuit court's entry of summary judgment in favor of Kelly Rosine Ruark on his malicious prosecution claim against her. He argues that genuine issues of material fact remain as to whether Ruark acted with malice in filing and continuing a contempt action against him. Clark also appeals from the court's entry of judgment in favor of Ruark on her malicious prosecution counterclaim against him. He asserts that the court erred in not dismissing the counterclaim for failure to state a claim and in trying the counterclaim without a jury. For reasons explained herein, we affirm the summary judgment in favor of Ruark on Clark's malicious prosecution claim. We reverse the judgment in favor of Ruark on her malicious prosecution counterclaim and remand the case for a new trial on that claim.

## FACTUAL AND PROCEDURAL HISTORY

Ruark served as Guardian ad Litem ("GAL") for Clark's minor children in Case Number 09CY-CV08638, a paternity action involving issues of child support and child custody. In May 2011, the court awarded Ruark a judgment against Clark for GAL fees in the amount of $3,568.13.

After Clark failed to satisfy the judgment, Ruark filed a motion for contempt in September 2014 to enforce payment of the

judgment in Case Number 09CY-CV08638-01, a modification proceeding of the original action. Thereafter, the court issued a show cause order. In response to the motion for contempt, Clark filed a motion for sanctions against Ruark.

In December 2014, Ruark also filed for execution of Clark's assets pursuant to Section 513.020, RSMo 2016,[1] in Case Number 09CY-CV08638, in a further attempt to satisfy the judgment. When the sheriff arrived at Clark's home to execute on his assets, Clark paid the sheriff the outstanding balance of the GAL fees in cash. In January 2015, upon receipt of the GAL fees owed to her, Ruark simultaneously filed a satisfaction of judgment in Case Number 09CY-CV08638 and a voluntary dismissal of the motion for contempt in Case Number 09CY-CV08638-01. The court subsequently denied Clark's motion for sanctions and dismissed its show cause order against Clark in the contempt proceeding.

In May 2015, Clark filed a petition against Ruark for malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress based on the contempt proceeding. Along with his petition, Clark also filed a demand for jury trial. Thereafter, Ruark brought a counterclaim for malicious prosecution against Clark and moved for summary judgment on his petition. Clark filed a response opposing her motion for summary judgment. He later dismissed his emotional distress claims and proceeded solely on his malicious prosecution claim. Following a hearing, the court granted summary judgment in favor of Ruark on Clark's malicious prosecution claim.

During a docket call on October 1, 2015, the court scheduled Ruark's malicious prosecution counterclaim for trial. There is no record on appeal of any statements made during the docket call. The clerk's docket entry states only that a bench trial was scheduled for November 23, 2015. Following the docket call, Clark filed a motion to dismiss Ruark's counterclaim.

On November 23, 2015, both parties appeared for the bench trial on Ruark's malicious prosecution counterclaim. Clark's counsel objected to proceeding to trial without a jury. In overruling counsel's objection, the court stated that the record reflected that both parties agreed to a bench trial during the October 1, 2015 docket call. Upon conclusion of the bench trial, the court entered judgment against Clark for $20,000 in actual damages and $10,000 in punitive damages. Clark appeals.

### ANALYSIS

### Summary Judgment on Clark's Malicious Prosecution Claim

In his first three points on appeal, Clark challenges the entry of summary judgment against him on his malicious prosecution claim. Appellate review of summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom the judgment was entered. *Wills v. Whitlock*, 139 S.W.3d 643, 646 (Mo. App. 2004).

"Summary judgment shall be granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Smith v. The Callaway Bank*, 359 S.W.3d 545, 546 (Mo. App. 2012); Rule 74.04(c)(6). A movant establishes the right to judgment as a matter of law by demonstrating one of the following:

1. All statutory references are to the Revised Statutes of Missouri 2016.

(1) facts negating any one of the claimant's elements necessary for judgment; (2) that the claimant, after an adequate period of discovery, has not been able to—and will not be able to—produce evidence sufficient to allow the trier of fact to find the existence of one of the claimant's elements; or (3) facts necessary to support his properly pleaded affirmative defense.

*Roberts v. BJC Health Sys.*, 391 S.W.3d 433, 437 (Mo. banc 2013). In response, the non-movant "must show the existence of some genuine dispute as to a material fact necessary to [his] right to recover." *Smith*, 359 S.W.3d at 546.

█ Here, the summary judgment does not specify the basis upon which it was entered. " 'Where a trial court has granted summary judgment without specifying the basis upon which the motion was granted, this court will affirm the grant of summary judgment under any appropriate theory.' " *Imler v. First Bank of Mo.*, 451 S.W.3d 282, 288 (Mo. App. 2014) (citation omitted).

█ In Points I and II, Clark asserts that the court erred in granting summary judgment against him on his malicious prosecution claim because genuine issues of fact remain and Ruark failed to demonstrate the right to judgment as a matter of law. To prevail on a claim of malicious prosecution, Clark had to prove the following elements: " '(1) the commencement of a judicial proceeding against the plaintiff; (2) the instigation of the suit by the defendant; (3) the termination of the proceeding in [the] plaintiff's favor; (4) the absence of probable cause for the suit; (5) malice by the defendant in instituting the suit; and (6) resulting damage to the plaintiff.' " *Heberlie v. Harriman Oil Co., LLC*, 497 S.W.3d 886, 890 (Mo. App. 2016) (citations omitted). Because actions for malicious prosecution are disfavored under Missouri law, Clark had to provide " 'strict and clear proof' " of all five elements. *Id.* (citation omitted).

█ Clark first contends that a genuine issue of material fact remains as to whether Ruark acted with malice in initiating and continuing a contempt proceeding against him. There are two malice standards in civil malicious prosecution actions: legal malice and malice in law. *King v. Young*, 304 S.W.3d 224, 227 (Mo. App. 2009). The standard of legal malice applies to malicious prosecution claims where the underlying action was filed by an attorney on behalf of a client. *Id.* To show legal malice, a plaintiff must prove that the "primary purpose of initiating or continuing the proceedings was one other than that of securing the proper adjudication of the claim." *Id.* The standard of malice in law applies to malicious prosecution actions against a non-attorney. *Id.* To show malice in law, a plaintiff must prove only that the underlying action was "intentionally initiated or continued 'without the honest belief that it was lawful when done.' " *Id.* (citation omitted). Unlike legal malice, malice in law can be inferred from facts that establish the lack of probable cause for filing the underlying action. *Id.*

The parties disagree as to which of these standards of malice is applicable here. Ruark contends that Clark was required to prove the higher standard of legal malice, while Clark contends that he was required to prove only the lower standard of malice in law. Because Clark was unable to prove even malice in law, however, we need not determine whether he should have been held to proving the higher standard of legal malice.

█ Clark could not prove malice in law because he could not establish that Ruark initiated a contempt proceeding "without the honest belief that it was lawful when done." This is because the contempt action

was lawful. " 'Civil contempt is intended to benefit a party from whom an order, judgment, or decree was entered. Its purpose is to coerce compliance with the relief granted.' " *Halamicek v. Halamicek*, 254 S.W.3d 260, 262 (Mo. App. 2008) (citation omitted). Ruark instituted a contempt proceeding against Clark after he failed to satisfy a judgment owed to her. Upon Clark's satisfaction of the outstanding judgment, she voluntarily dismissed her contempt motion. Ruark's withdrawal of the contempt motion after Clark satisfied the judgment established that her purpose in filing the motion was to coerce Clark to comply with the judgment—the result a contempt proceeding is intended to produce. Once the judgment was satisfied, the record shows that Ruark no longer sought contempt against Clark. Thus, her use of a civil contempt proceeding in this case was lawful, and Clark could not establish that Ruark acted with malice in initiating the contempt proceeding against him.

"A summary judgment ... can be affirmed on appeal by any appropriate theory supported by the record." *Roberts*, 391 S.W.3d at 437. Clark failed to establish a genuine issue of material fact as to whether Ruark acted with malice in initiating the contempt proceeding against him. Because a defendant in a malicious prosecution action may establish a right to summary judgment by showing facts negating any *one* of the elements of the claim, we need not address Clark's arguments that a genuine issue of material fact remains as to whether the underlying proceeding terminated in his favor and whether Ruark lacked probable cause to support her contempt motion. *Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 318 (Mo. App. 2010). Ruark was entitled to judgment as a matter of law on Clark's malicious prosecution claim. Therefore, the circuit court did not err in entering summary judgment in her favor.[2] Points I and II are denied.

In Point III, Clark contends that, even if summary judgment was proper on his claim of malicious prosecution, his petition against Ruark adequately stated a claim for abuse of process and summary judgment on that claim was improper. We disagree. Clark's original petition for damages against Ruark delineated his causes of action against Ruark as Count I—Malicious Prosecution, Count II—Intentional Infliction of Emotional Distress, and Count III—Negligent Infliction of Emotional Distress. After Ruark filed a motion for summary judgment on Clark's petition, Clark filed a response in which he asserted that his petition also adequately stated a cause of action for abuse of process.[3] He then filed a voluntary dismissal of Counts II and III.

▮ Clark asserts that his failure to include abuse of process as a labeled count in his original petition was not required to sufficiently plead it as a cause of action. We agree that he was not required to list abuse of process in his petition to properly plead the claim. *Am. Eagle Waste Indus., LLC v. St. Louis Cty.*, 379 S.W.3d 813, 829 (Mo. banc 2012) (stating that, "[t]o be

---

**2.** Given our decision to affirm the summary judgment ruling, we need not address Ruark's argument that she was immune from prosecution because she was acting within the scope of her statutory duties as guardian ad litem in the underlying proceeding. *See, e.g., State ex rel. Bird v. Weinstock*, 864 S.W.2d 376, 386 (Mo. App. 1993).

**3.** Notably, Clark concedes on appeal that the malicious prosecution claim was the only claim for the circuit court to consider. Clark's brief states: "Mr. Clark also voluntarily dismissed his [emotional distress claims], leaving only Mr. Clark's claim against Ms. Ruark for malicious prosecution for consideration by the trial court on Ms. Ruark's Motion for Summary Judgment."

deemed sufficient, a petition need not even label the theory upon which a plaintiff seeks recovery"); *see also Johnson v. Saddler*, 322 S.W.3d 544, 546 (Mo. App. 2010) (finding that "[a]lthough Plaintiff's Count I was entitled 'Conversion,' the facts stated therein referred to and supported multiple causes of action"). However, Clark did not allege in his petition that Ruark's conduct constituted an abuse of process.[4] Because Clark's petition did not allege a cause of action for abuse of process, "the trial court was not in a position to consider the [ ] claim." *Geran v. Xerox Educ. Servs., Inc.*, 469 S.W.3d 459, 467 (Mo. App. 2015). "The role of the pleadings is crucial to the adjudication of a valid summary judgment, as to any other judgment on the merits." *Id.* " 'Pleadings define the issues and form the foundation of the process of adjudication and judgment.' " *Id.* (citation omitted).

 Clark could have amended his petition to reflect a cause of action for abuse of process under the requirements set forth in Rule 55.33(a). However, rather than amend his petition, Clark argued that his petition included a claim for abuse of process for the first time in his response to Ruark's motion for summary judgment. Because Clark mentioned this alternative theory of recovery for the first time in his response to the summary judgment motion, the circuit court could not consider this new claim, and the claim was not preserved for appellate review. *Id.*; *see also Hibbs v. Berger*, 430 S.W.3d 296, 320-21 (Mo. App. 2014). Accordingly, the cir-

cuit court did not err in granting summary judgment in favor of Ruark. Point III is denied.

### Judgment on Ruark's Malicious Prosecution Counterclaim

In Points IV and V, Clark challenges the judgment in favor of Ruark on her malicious prosecution counterclaim. We will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Clark's points assert error in the court's declaration or application of the law. We review such issues *de novo*. *Fastnacht v. Ge*, 488 S.W.3d 178, 183 (Mo. App. 2016).

In Point IV, Clark contends the circuit court erred in denying his motion to dismiss Ruark's counterclaim for malicious prosecution because she failed to state a claim upon which relief could be granted. Specifically, Clark argues that a counterclaim for malicious prosecution filed in the original action and based upon that action is not a cognizable claim under Missouri law.

The record reflects that Clark did not bring this claim of error to the attention of the circuit court.[5] Indeed, he conceded during oral argument that he is raising it for the first time on appeal. By failing to object to Ruark's counterclaim as improper, he did not preserve this claim for ap-

---

4. Clark points to allegations in his petition that Ruark was malicious in instituting and continuing a contempt proceeding against him in support of his argument that he properly stated a claim for abuse of process. However, these allegations are insufficient to find Clark's petition adequately stated a claim for abuse of process. *See Viehweg v. Taylor*, 797 F.Supp. 751, 752 (E.D. Mo. 1992) (citing *Boyer v. Carondelet Sav. & Loan Ass'n*, 633 S.W.2d 98, 101 (Mo. App. 1982), for the prop-

osition that allegations in a petition that a party maliciously commenced a civil suit do not satisfy the pleading requirement for an abuse of process claim).

5. Although Clark filed a motion to dismiss for failure to state a claim, he asserted a different reason for why the allegations in Ruark's counterclaim were purportedly insufficient.

peal, and we will not consider its merits. "[W]e will not convict a trial court of error on an issue that it had no chance to decide." *Reed v. Kansas City Mo. Sch. Dist.*, 504 S.W.3d 235, 246 (Mo. App. 2016). Point IV is denied.[6]

▮▮▮▮ In Point V, Clark contends the court erred in proceeding with a bench trial on Ruark's counterclaim because he did not waive his right to a jury trial. The right to a jury trial in a civil case is established by article I, section 22(a) of the Missouri Constitution. "The right to a jury trial in a civil action at law is guaranteed in Missouri[,] but it is a personal right which may be waived." *State ex rel. Cunningham v. Luten*, 646 S.W.2d 67, 68 (Mo. banc 1983). A circuit court "may not deny a party its right to a jury trial absent a waiver of that right by the party." *Midland Prop. Partners, LLC v. Watkins*, 416 S.W.3d 805, 811 (Mo. App. 2013). The circuit court "commits reversible error if it denies a party its right to a jury trial in a civil case that is otherwise triable by jury." *Id.*

Section 510.190.2 and Rule 69.01(b) provide the exclusive methods for a party to waive its jury trial rights. *Meadowbrook Country Club v. Davis*, 421 S.W.2d 769, 773 (Mo. banc 1967); *see also Holm v. Wells Fargo Home Mortgage, Inc.*, 514 S.W.3d 590, 600 (Mo. banc 2017). Section 510.190.2 provides:

Parties shall be deemed to have waived trial by jury:

(1) By failing to appear at the trial;

(2) By filing with the clerk written consent in person or by attorney;

(3) By oral consent in court, entered on the minutes;

(4) By entering into trial before the court without objection.

Rule 69.01(b) also states the same methods for waiving trial by jury as provided in Section 510.190.2. The parties agree that Clark did not waive his right to a jury trial by the first, second, or fourth methods. Thus, the only issue contested by the parties is whether Clark waived his right to a jury trial by "oral consent in court, entered on the minutes," as provided in subsection (3) of Section 510.190.2.

Ruark argues that Clark waived his right to a jury trial at the docket call on October 1, 2015. The docket entry of the docket call that is included in the record on appeal reads:

**10/01/2015 Setting-Bench Trial Scheduled**

Scheduled: 11/23/2015 @ 14:00—ANGLES, LOUIS

As Clark notes, the docket entry does not explicitly state that he waived his right to a jury trial at the docket call.[7] Ruark contends, however, that the circuit court's response to Clark's objection to proceeding with a jury trial establishes that Clark waived his right to jury trial during the docket call. The following exchange occurred the day of the bench trial:

THE COURT: All right, any preliminary matters before we get started?

[COUNSEL FOR CLARK]: Yes, there is, Judge. With respect to, and we had a brief discussion about this in chambers; if this matter is proceeding as a Circuit Court case, the demand for a jury trial was made in this case back when the case was originally filed; there was a demand for jury trial filed with the initial Petition on May 6, 2015. I under-

---

**6.** In light of the fact that we are reversing on Point V, the circuit court will have the opportunity to consider this issue if Clark chooses to raise it at a subsequent proceeding.

**7.** Because there is no transcript, the docket entry is the only meaningful record of the October 1, 2015 docket call that this court has to review.

stand that there is some recollection by the Court and by opposing counsel that there was an agreement to have a jury trial waived and to have a bench trial, and I know it's in the Court's docket sheet. I do not recall it being set by an agreement or that a waiver was ever orally agreed to. And as such, I think the demand for jury trial still stands, especially since we're looking at the amount of damages that are being claimed, that my client would have a constitutional right under the Constitution of Missouri and under the Rules to have that jury trial.

Certainly nothing was ever filed in writing waiving it. And again, I don't know that that ever was raised—waived, I mean.

THE COURT: Yes, Mr. Baldwin, did you need to respond to that?

[COUNSEL FOR RUARK]: Your Honor, the only response I have is that we were here, we were present in this courtroom; and for the ease and convenience of both the Court and the parties there was an agreement that we would waive jury trial.

The Court will notice that on my responsive pleading, in my Answer and my Counter Claim, I, too, asked for a jury trial and could have fully expected to have one. However, based on the representations of counsel and our agreement on that day before the Court, we agreed that this was going to be a bench trial. So, therefore, we have prepared for the bench trial this day, and we'd ask the bench trial go forward.

THE COURT: And for the record, I'll show that both parties did appear on October 1st and at that time they were asked if they were ready to set the matter for trial. And at that time, my records reflect that both parties agreed to a bench trial on that day, and I set it for November 23rd, which is today, at two p.m. for a bench trial. So the motion is overruled.

In finding that Clark orally waived his right to a jury trial on October 1, 2015, the court appears to have referenced its notes from the docket call. Clark argues that there must be more to support a finding of an oral waiver under Section 510.190.2(3) than the court's notes. Clark further argues that the docket entry does not constitute waiver "by oral consent in court, entered on the minutes," under Section 510.190.2(3) because the docket entry is silent as to waiver and indicates only that a bench trial was scheduled. We agree.

Any alleged oral waiver that may have occurred on October 1, 2015, was not *entered on the minutes* as required by Section 510.190.2(3).[8] Thus, we cannot find that Clark waived his right to a jury trial. *See Meadowbrook*, 421 S.W.2d at 773 (stating that the exclusive methods of waiver prescribed by section 510.190 "shall not be changed or enlarged except by the legislature"). The circuit court erred in denying Clark his right to a jury trial.

### CONCLUSION

The summary judgment in favor of Ruark on Clark's malicious prosecution claim is affirmed. The judgment in favor of Ruark on her malicious prosecution counterclaim is reversed, and the cause is remanded for a new trial only on Ruark's counterclaim.

All Concur.

---

8. During oral argument, counsel for Ruark conceded that a docket entry which indicates a bench trial was scheduled, without more, is insufficient to support a finding that a party waived its right to a jury trial under Section 510.190.2(3).